In the Matter of the Application of Lansing P. Reed, Petitioner, and Others, Intervenors, for a Certiorari Order against The Board of Standards and Appeals of the City of New York and Others, Respondents.*

Supreme Court, New York County, April 8, 1929.

* Affd., 230 App. Div. 21.

*William T. Kennedy*, for the Board of Standards and Appeals.

*Leopold Friedman*, for Wilthan Realty Corporation.

*Lawrence R. Condon*, for the petitioner and intervenor petitioners.

VALENTE, J.   This is a motion by the board of standards and appeals to quash a petition to review by certiorari the decision of the board under section 719-a of the Greater New York Charter (Laws of 1901, chap. 466, § 719-a, as added by Laws of 1916, chap. 503, § 6).   The facts in the controversy are virtually undisputed, except possibly the charge of the prejudicial attitude shown by the utterances of one of the members of the board which will be hereafter referred to.   The determination of the board was upon the application of the intervenor Wilthan Realty Corporation, owner of premises on Third avenue between Seventy-first and Seventy-second streets and premises adjoining thereto, namely, Nos. 183–187 East Seventy-first street and Nos. 182–184 East Seventy-second street. Application was made by the owner to erect a fireproof theatre and commercial building on the block front of Third avenue, extending 125 feet on East Seventy-second street and 119 feet 8 inches on East Seventy-first street.   Both Third avenue and Lexington avenue are in the business zone; consequently 100 feet east of Lexington and a like distance west of Third avenue are in such zone, leaving a space of over 200 feet on both streets in a residential zone.   Within that zone on Seventy-second street there is a small bank building, which existed prior to the adoption of the Building Zone Resolution.   The

application for a permit was denied by the building superintendent, and leave was asked of the board under paragraph (c) of section 7 of the Building Zone Resolution for an extension of the existing business use into the residential district to the extent of 25 feet on Seventy-second street and 19 feet 8 inches on Seventy-first street. Section 7, paragraph (c), permits " the extension of an existing or proposed building into a more restricted district under such conditions as will safeguard the character of the more restricted district." The application was denied. Upon modification of the plans, without, however, a variation of the distances encroaching into the residence district, the application was renewed and thereupon granted. Two principal points of law are raised upon the petition for certiorari: (1) That the board had no power to sanction the extension upon the facts presented; (2) that the board was without jurisdiction to reconsider an application once denied.

As to the first objection it is well to note that section 7, paragraph (c) permits an extension under such conditions as will safeguard the character of the more restricted district. Apparently an attempt was made in the revised plans to adopt such safeguards. Thus stores were eliminated from the extension, no part of the lobby was placed in the residence zone. An emergency exit, it is true, leads through a court in the residential zone, and a small portion of the building extends into it. But this extension is not so serious as to impair the residential character of the block so far as that can be consistently maintained, in view of the legal encroachments from the two avenues. It is not as if an extension is sought for a distance of 50 or 100 feet or more as in *Matter of 4672 Broadway Corp.* v. *Board of S. & A.* (225 App. Div. 97), which would virtually destroy the residential character of the entire block. In their answer the members of the board give many reasons to indicate that their determination was not capricious, but based upon considerations of the best interests of the neighborhood. It is true that among the reasons is one to the effect that there are practical difficulties in the way of using the small portion of the plot lying within the residence districts, and it may be that section 21 must be read into section 7, paragraph (c). On the other hand, I see no reason why the board has not discretion, apart from the situation of difficulties and hardship, to consider the facts independent of these latter elements. Even without these, sufficient reasons are presented to show that the board exercised proper discretion in approving the extension under safeguards provided by the statute.

As to the objection that the board had no power to reconsider the application after having once denied it, it is well pointed out that the second application was not one of reconsideration, but a new application upon different plans. It is true the same general plot

was involved.  On the other hand, the second set of plans introduced the conditions of safeguard which were absent in the original plans, and a situation is presented unlike the one in *People ex rel. Swedish Hospital* v. *Leo* (120 Misc. 355; affd., 215 App. Div. 696), and more akin to the case of *Matter of Vesell* v. *Board of Standards & Appeals* (137 Misc. 806; affd., 225 App. Div. 742, 801).  The second objection must, therefore, fail.  As to the objection of prejudicial attitude, even if it should be granted that there is basis for this complaint, there were no closely contested issues of fact, and the result and the full reasons therefor seem to be unaffected by any alleged prejudice.

The motion to quash is, therefore, granted.  Settle order.