ELLSWORTH REALTY COMPANY et al., Respondents, v. GEORGE A. KRAMER et al., Comprising the Board of Appeals of the Town of North Hempstead, et al., Appellants.— In an action involving the application and operation of the zoning ordinance of the Town of North Hempstead, order granting plaintiffs' motion for a temporary injunction and denying defendants' cross motion under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, reversed on the law, with ten dollars costs and disbursements, plaintiffs' motion denied, and defendants' cross motion to dismiss granted, with ten dollars costs. The Zoning Board of Appeals has the power to consider the application if new facts materially changing the aspects of the case are presented, and the Board may give weight to slight differences which are not easily discernible. (*Matter of Reed* v. *Bd. of Standards and Appeals,* 255 N. Y. 126.) Whether there is such a change of facts or circumstances is primarily for the Board to determine in the first instance. (*Matter of Hall* v. *Walsh,* 137 Misc. 448, affd. 221 App. Div. 756.) The complaint herein fails to show that the determination of the Board to reopen the application is not based upon such new facts and circumstances and, therefore, is insufficient. The Town Law provision (§ 267) that "Any person * * * aggrieved by any decision" may apply for a certiorari order is broad enough to authorize a review of the decision of the Board to reopen the proceeding and rehear the application for an extension of a temporary permit under the discretionary provision of the zoning ordinance [art. X, § 3, subd. (c)]. Such remedy is exclusive. (*Baddour* v. *City of Long Beach,* 279 N. Y. 167; *Matter of Beckmann* v. *Talbot,* 278 N. Y. 146; *Lewis* v. *City of Lockport,* 276 N. Y. 336.) If it be considered that such review by certiorari is not exclusive where the question of power is directly involved, the plaintiffs had a remedy at law by an application for a mandamus order to compel the Board to rescind its decision to reopen and rehear the application (*Matter of Heyman* v. *Walsh,* 137 Misc. 278, affd. 230 App. Div. 822), or by a prohibition order to restrain the Board from exercising an unauthorized power (*Matter of Pierne* v. *Valentine,* 266 App. Div. 70, affd. on this point 291 N. Y. 333). Any one of these proceedings would have brought the entire record promptly before the court, and there was no occasion for the attempted resort to this action in equity. (*Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100; *Ward* v. *Kelsey,* 14 Abb. Pr. 106; 32 C. J., Injunctions, § 386.) Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

LILLIAN GERLACH, Respondent, v. FREEPORT MACHINE WORKS, INC., Appellant.— In an action under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 201–219) to recover compensation for alleged overtime services, judgment of the County Court, Nassau County, entered on the verdict of a jury in favor of plaintiff, reversed on the facts and a new trial ordered, costs to abide the event. The verdict, which imports a finding that plaintiff worked hours additional to those for which she was paid at agreed and lawful rates, is against the weight of the evidence. Inasmuch as a new trial is ordered, it should be noted that the plaintiff has the burden of proving not only that she was engaged in interstate commerce or in the production of goods for interstate commerce, but that she was engaged in such activities during the periods of asserted overtime employment. (*Stoike* v. *First National Bank,* 290 N. Y. 195, 200.) Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.