Arnold L. Fein, J.
Motions numbered 139, 140, 141, 202 and 203, on the September 16, 1970 Motion Calendar are considered and disposed of jointly.
Plaintiff, in an action for a permanent injunction, (Index No. 13512/70) moves (No. 141) for an injunction pendente lite to restrain defendant Board of Standards and Appeals (“ Board ”) from reopening the Board’s prior determination granting plaintiff’s application for a zoning variance.
Community Action Inc. (“ Community ”) and several tenants of the subject premises move (No. 202) for an order pursuant to CPLR 1012 and 7802 for leave to intervene as parties defendant in this action.
Simultaneously with the commencement of the injunction action, plaintiff instituted an article 78 proceeding (Index No. 13513/1970, motion No. 140) to .review and annul the Board’s determination to reopen its prior order granting plaintiff’s application for a variance. Defendant Board cross-moves in that proceeding (motion No. 139) to dismiss the petition pursuant to CPLR 3211 (subd. [a], par. 7). Community and several tenants in the subject premises move (motion No. 203) for leave to *192 intervene in the article 78 proceeding, on the same basis as their motion in the injunction action.
Plaintiff, owner of several contiguous parcels of property on the west side of Manhattan, desires to construct a new multistory apartment dwelling. Present zoning would permit plaintiff to construct a 15% story apartment dwelling, with a floor area ratio of 9.75 feet. However, plaintiff, alleging that the existence of a subsurface water condition would considerably add to the cost of constructing a new building, applied to the Board for a variance to permit the construction of a larger building with a floor area ratio of 11.1. Before the Board, plaintiff contended that the construction of a smaller structure'would not yield a sufficient return on plaintiff’s investment, because of the added cost of construction due to the subsurface water condition.
The Board held public hearings on plaintiff ’s application on April 14, April 29 and May 12,1970. Evidence was purportedly submitted by plaintiff showing the existence of the alleged subsurface water conditions. Plaintiff’s application was opposed by the Department of City Planning of the City of New York. On May 12, 1970, the hearings were concluded and the Board unanimously adopted a resolution granting plaintiff a variance.
However, on June 11, 1970, two independent article 78 proceedings were instituted to review and annul the Board’s determination. One was brought by Community, the other by certain area residents. On the same day (June 11,1970), the Director of the' City Planning Commission requested by letter that the Board reopen the hearings on plaintiff’s application for a variance. On July 14, 1970, the Board notified plaintiff that on motion of the Board’s chairman, the Board would hear the application to reopen at a hearing on July 22,1970. The chairman of the Board was a new member, appointed to replace its former chairman, who had presided at the original disposition. At the hearing, the Board voted to reopen and directed plaintiff to submit additional evidence as to the subsurface water condition, in accordance with the request of the director of the City Planning Commission. The present action is to enjoin defendant Board from reopening the hearing and the article 78 proceed? ing asks the court to review and annul the Board’s determination to reopen.
The Board was without jurisdiction and lacked power to reopen the application for a variance because the two article 78 proceedings to review its original determination were then pend? ing in this court. The article 78 proceeding “ had removed the whole proceeding to [the court’s] jurisdiction and the power of *193 the hoard of -standards and appeals had thereby been terminated.” (Matter of Riker v. Board of Stds. & Appeals, 225 App. Div. 570; Brause Realty v. Glass, N. Y. L. J., Sept. 18, 1969, p. 2, col. 4). The Board has no power now to reopen, while the present article 78 proceeding is pending. The fact that issue had not been joined in the prior article 78 proceedings is of no consequence. Ñor did the subsequent voluntary discontinuance of those proceedings operate retroactively to validate the Board’s actions, albeit the petitioners discontinued because of the Board’s determination to reopen.
The Board not only acted without jurisdiction while the article 78 proceedings were pending, it also ignored well settled salutary principles of law limiting its power, and violated its own rules. The Board and others like it are quasi-judicial bodies not empowered to review their own decisions by vacating, rescinding or altering them when made, unless there is a clear showing of newly discovered evidence, or a new application on new plans or different facts. (Riker v. Board of Stds. & Appeals, supra; People ex rel. Swedish Hosp. v. Leo, 120 Misc. 355, affd. 215 App. Div. 696; Matter of Reed v. Board of Standards & Appeals, 138 Misc. 187, affd. 230 App. Div. 21, affd. 255 N. Y. 126; Town of Greece v. Smith, 256 App. Div. 886; Ellsworth Realty Co. v. Kramer, 268 App. Div. 824; see Matter of Collins v. Board of Stds. & Appeals, 253 N. Y. 594; Matter of McGarry v. Walsh, 213 App. Div. 289.) The last cited ease points out the dangers inherent in reconsideration on the same facts where the personnel of the Board has changed in the interim, as it did here. Although these cases deal with differing statutes and rules and varying fact patterns they clearly recognize the need for finality in determinations of quasi-judicial bodies as a well defined limitation on their power of self review.
This requirement is reflected in the Board’s own Rules of Procedure. Article IV (subd-s. 1, 4, 5) provide:
‘ ‘ 1. The final determination of an application or appeal before the Board shall be in the form of a resolution either reversing, varying or modifying the order requirement or decision ’ ’.
“ 4. No request for a rehearing will be granted unless substantial new evidence be submitted or an application be filed under a different provision of the law.”
“ 5. The Board may, on the motion of any commissioner, review any decision that it has made and may reverse -or modify such decision but no such review -shall prejudice the rights of any person who has in good faith acted thereon before it is reversed or modified. ’ ’
*194 The record is clear that the reopening was not based upon the submission of new facts or to correct an error or irregularity with respect to the Board’s prior decision in granting plaintiff’s application for a variance. Although the Board contends that it proceeded to reopen its prior decision under article IV, subdivision 5, on motion of its chairman, on the ground that “ it considered the record incomplete, ’ ’ the return establishes, as stated in the!Board’s own minutes, that the decision to reopen was based upon the letter application of the director of City Planning, who offered no new evidence, as required by article IV, subdivision 4 of the Board’s rules, and it was he who sought the rehearing. Moreover, the only party required to produce new evidence was the petitioner who was directed to produce additional evidence as to the alleged subsurface water condition. This amounted to a prior determination that the Board had acted on insufficient evidence in its original decision and that petitioner would be required to buttress the prior decision of the Board by additional evidence,. This is precisely the procedure which the authorities condemn as violative of all standards of due process and fair play. The appropriate remedy for the director of City Planning, or any other party aggrieved by the Board’s original determination, was to seek court review, which has now been aborted by the Board’s action. The documents, maps and other data introduced at the reopening hearing on July 22, 1970, were either considered by the Board at the prior hearings or was material which was available and therefore did not constitute previously unavailable evidence.
Although the petitioner has not shown that review ‘1 will prejudice ” its rights because it allegedly ‘ ‘ acted in good faith ” on the basis of the original determination (Board rules, art. IV, subd. 4; New York City Charter, § 666, subd. 8), this is not controlling. The Board had no new evidence on which to proceed under subdiyision 4 and was without jurisdiction to act under subdivision 5.
The contentions and rights of the site tenants have been fully considered. However, the court is without power to aid them at this juncture. They voluntarily discontinued their article 78 proceeding to review the Board’s original determination. Although they did so in reliance on the Board’s illegal decision to reopen the hearing, this did not confer retroactive jurisdiction on the Board. The original determination of the Board is not now before the court for review. As statutory tenants in the subject premises, they have an interest in the outcome of this proceeding. The determination granting the variance might ulti *195 mately lead to their eviction. Although they may be afforded such protections as are available under the Rent Control Laws, it does not follow that they do not have a legally cognizable interest in the subject litigation.
"Where an application to intervene is made pursuant to CPLR 1012, it must be shown that the rights of the proposed intervenors are not adequately represented and that they may be bound or adversely affected by the determination. Here plaintiff is not seeking any relief against the proposed intervenors. However, they may be adversely affected by the judgment. Intervention under CPLR 7802 (subd. [d]) is allowed as to “ interested persons.” Both because they are site tenants and because of the circumstances under which their prior article 78 proceeding was terminated, it is found that they are ‘ ‘ interested persons ’ ’ and their motions to intervene are granted. However, the motion of Community to intervene is denied (Matter of Manor Woods Assn. v. Randol, 29 A D 2d 778; Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals, 13 A D 2d 1030).
Plaintiff’s motion for a temporary injunction and its companion article 78 proceeding are both aimed toward obtaining the same result.
Under such circumstances and where it is demonstrated that the determinations of the administrative body are arbitrary, capricious and contrary to law, the appropriate remedy to be utilized is not injunctive relief but to annul such determination (see Ellsworth Realty Co. v. Kramer, 268 App. Div. 824).
Accordingly, in the action for an injunction (Index No. 13512/70) :
Motion No. 141 for an injunction pendente lite is denied;
Motion No. 202 to intervene is granted as to the site tenants and denied as to Community.
In the article 78 proceeding (Index No. 13513/70):
Motion No. 140 to review and annul the Board’s determination to reopen its prior order is granted and the Board’s decision is annulled.
Motion No. 139 to dismiss the article 78 proceeding is denied.
Motion No. 203 to intervene is granted as to the site tenants and denied as to Community.
In the event the Board should hereafter undertake to reopen or review its original determination on sufficient legal grounds, it is directed to make a record which will make appropriate review possible and to permit the site tenants to be heard.