Argued March 19, affirmed April 14, 1975

# DICKINSON, *Appellant, v.* BOARD OF COUNTY COMMISSIONERS OF CLACKAMAS COUNTY ET AL (No. 86573), *Respondents.*

533 P2d 1395

*Raymond R. Bagley, Jr.,* Oregon City, argued the cause for appellant. With him on the brief were Jack, Goodwin & Urbigkeit, Oregon City.

*Scott H. Parker,* Deputy District Attorney, Oregon City, argued the cause for respondents. With him on the brief was Roger Rook, District Attorney, Oregon City.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

In this writ of review proceeding, plaintiff appeals from an order of the circuit court affirming the denial by the Board of County Commissioners of Clackamas County of his request that the permitted use of a 4.35-acre parcel of land be changed from single-family residential to multi-family residential. Plaintiff makes two assignments of error. (1) The court erred in finding that the orders of the Board were supported by substantial evidence, and (2) the court erred in holding that the Board made adequate findings. For the reasons which follow we hold that no error was committed below.

Both the Clackamas County comprehensive plan and the Clackamas County zoning ordinance designate the parcel of land in question as single-family residential, although the plan recognizes that sometime in the

future additional multi-family residences might be required in the area. The plaintiff sought to have both the plan and the zoning ordinance amended so that he could construct a 94-unit townhouse development with appurtenant amenities. At the hearings before the Board evidence was adduced that additional multi-family residences were needed and that this was the only suitable site in the area. Evidence was also presented to the effect that additional multi-family dwellings were not presently needed; that if such were needed there were other more suitable sites in the area; and that because of the existing street situation, the use of the land in question for high-density residential development would have an adverse effect on the neighborhood. Although plaintiff's first assignment of error is that there was no reliable, probative and substantial evidence adduced at the hearings contrary to his position, his argument under this assignment of error is:

"* * * [T]he burden of proof is merely a preponderance of the evidence and an examination of the record clearly indicates that plaintiff has tipped the scales in his favor."

■ We do not read *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973), as placing the courts in the business of zoning in the sense of requiring that we review de novo the decisions of local zoning agencies; rather, we read *Fasano* as saying that the scope of judicial review is limited to an examination of the administrative record for the purpose of ascertaining that: (1) the proper procedures were followed; (2) the relevant factors were considered by the agency; and (3) there was reliable, probative and substantial evidence to support the decision of the agency.[1]

---

[1] Fasano v. Washington Co. Comm., 264 Or 574, 507 P2d 23

■ The record in this case indicates that the procedures were proper and that there was conflicting believable evidence on the relevant issues. Selection of which believable evidence was, in fact, to be accepted was for the Board, not for us. *See, Von Weidlein/N.W. Bottling v. OLCC,* 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295, Sup Ct *review denied* (1974), and ORS 183.480(7)(d)[2] which contains almost the same language as ORS 34.040, n 1, supra.

This leads us to the remaining assignment of error—that the Board did not make adequate findings.

■ The plaintiff is seeking a change in the permitted use of the property. The burden of proof was upon him to show that it was justified. The Board's findings of fact in its order denying change in the comprehensive plan were:

"1. This application for amending the Milwau-

---

(1973), thus provides for the same standards of judicial review as does the writ of review statute, ORS 34.040, which states:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

[2]

"* * * * *

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *.

"* * * * *." ORS 183.480.

kie-Gladstone Development Pattern was not based upon a detailed study of the entire area; and

"2. That the designation in the Milwaukie-Gladstone Development Pattern of the subject property as potential multi-family residential does not now reflect the actual development of the area and * * * does not represent the best planning for future use of the subject property; and

"3. That the Milwaukie-Gladstone Development Pattern should not now be amended to provide that the subject property be designated for potential multi-family residential development."

The Board's findings of fact in its order denying the zone-change application were:

"1. The proposed zone change of Mr. Donald R. Dickinson does not comply with the existing development pattern and plan for future land use development of the subject area;

"2. That a demonstrated public need for a zone change to MR-1, Multi-Family Residential land use has not been established by Donald R. Dickinson; and

"3. That the proposed zone change to MR-1, Multi-Family Residential is incompatible with the existing development of the subject area."

If the Board had granted a change we might well hold findings of so general a nature as those above to be not sufficiently specific. However, they are sufficient to support orders holding that he who had the burden of proof had not met it.

Affirmed.