MARRACCI, *Respondent,*
*v.*
CITY OF SCAPPOOSE et al, *Appellants.*
(No. 21801, CA 5465)
552 P2d 552

*David B. Williamson,* St. Helens, argued the cause for appellants. With him on the brief were Williamson & Whipple, St. Helens.

*John F. Hunnicutt,* St. Helens, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The defendant city denied plaintiff's request for a conditional-use permit to construct multiple-family housing. In this writ of review proceeding, the trial court reversed the city's action and ordered that a conditional-use permit be issued.

Under the applicable zoning ordinance, plaintiff's property can be used outright for single-family housing; multiple-family housing is a conditional use.[1] The applicable comprehensive plan designates plaintiff's property as "higher density residential."[2] The trial court reasoned that since the comprehensive plan contemplates the eventual intensity of development that plaintiff now proposes, the denial of a conditional-use permit conflicts with the comprehensive plan. This reasoning is erroneous.

■ Contrary to the trial court's interpretation and plaintiff's argument here, *Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975), does not stand for the proposition that every land-use determination must at all times literally comply with the applicable comprehensive plan. In *Baker* the Supreme Court only held it was improper to permit new development that was lawful under a zoning ordinance, but *more intensive* than allowed by the comprehensive plan. The court stated:

"* * * [W]here the plan adopts general parameters of long term growth with a provision that the intensity of use * * * shall not exceed a certain amount, a more

---

[1] We infer from the record that plaintiff would be entitled to build four single-family homes on his property. His proposal was to build duplexes and triplexes that would total 10 living units on the same amount of property.

[2] "* * * Residential land adjoining the central business area should be regarded as generally suitable for higher density residential development (less than 7,000 square feet per unit). * * *

"* * * * *

"* * * Remaining residential land should be regarded as reserved for lower density development (over 7,000 square feet per unit), and generally for single family housing." A Comprehensive Plan for Scappoose, Oregon at 6 (1966).

[ 133 ]

restrictive zoning ordinance may be in accord with that plan. * * *" 271 Or 510, n 10.

In other words, a comprehensive plan only establishes a long-range maximum limit on the possible intensity of land use; a plan does not simultaneously establish an immediate minimum limit on the possible intensity of land use. The present use of land may, by zoning ordinance, continue to be more limited than the future use contemplated by the comprehensive plan. *See, Pohrman v. Klamath County Comm.,* 25 Or App 613, 550 P2d 1236 (1976).

■   Applying that analysis here, there is no conflict between the comprehensive plan ("higher density residential") and the denial of a conditional-use permit that had the effect of continuing for the time being the more restrictive single-family limit of the zoning ordinance.

■   The applicable comprehensive plan contains no timetable or other guidance on the question of when more restrictive zoning ordinances will evolve toward conformity with more permissive provisions of the plan. In such a situation, we hold the determination of when to conform more restrictive zoning ordinances with the plan is a legislative judgment to be made by a local governing body, and only subject to limited judicial review for patent arbitrariness. In adopting a comprehensive plan, a governing body necessarily makes a great number of legislative and policy judgments about what the *future* use of land might and should be. It is just as much a legislative judgment when the local governing body is called upon to decide whether "the future has arrived" and it is therefore appropriate to conform zoning with planning.

There is no suggestion in the present record that the defendant city's determination that it was premature to move toward the more intensive multiple-family residential use allowed by the plan was in any sense arbitrary.

[ 134 ]

■ Under *Kristensen v. Eugene Planning Com.*, 24 Or App 131, 135, 544 P2d 591 (1976), plaintiff had the burden of proving that his "proposed conditional use does, in fact, reasonably meet the need recognized in the zoning ordinance." This does not mean the abstract question of the need for multiple-family housing—a question already answered in the affirmative by the zoning ordinance; it means the concrete question of the merits of the specific multiple-family housing project proposed by plaintiff. There is substantial evidence that plaintiff's project, as proposed, was deficient in several respects—primarily, that there was an unreasonably limited area for children to play. *Cf. n 1, supra.*

■ The defendant city's critical finding of fact was that the proposed use was not in the best interest of the city. This is a sufficient finding to state that the proponent failed to carry his burden of persuasion with the local governing body. *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 1395 (1975).

Reversed.