■ In the Matter of Gust L. Freeman, Jr., et al., Appellants, v Town of Ithaca Zoning Board of Appeals, Respondent, and Michael Goodfriend et al., Intervenors-Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 9, 1977 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking the annulment of a determination of the respondent board. On September 23, 1976, the respondent Town of Ithaca Zoning Board of Appeals approved an application by the intervenors-respondents to construct a medical clinic in a residential district. Upon the issuance of a special permit therefor, such a clinic is a permitted use in the district, and in the present proceeding petitioners argue that the intervenors-respondents' special permit for their clinic was improperly granted. Special Term disagreed, however, and this appeal ensued. Seeking a reversal of the judgment below, petitioners principally argue here that the approved application for a clinic is identical with an earlier application which was disapproved and, consequently, the board was without power to entertain the second application. We cannot agree. It is settled law that there can be a new application and determination by a zoning board when "new plans materially change the aspects of the case" *(Matter of Reed v Board of Standards & Appeals of City of N. Y.,* 255 NY 126, 133). Moreover, it is for the board to determine whether or not changed facts or circumstances are presented and, in so doing, it may give weight even "to slight differences not easily discernible" *(Ellsworth Realty Co. v Kramer,* 268 App Div 824). In this instance, even petitioners concede that, in the approved application, the placement of the clinic on the lot was altered by rotating the structure 90 degrees and the location of the parking lot was changed. Accordingly, the board's determination approving the intervenors-respondents' proposal as a new application was clearly not arbitrary, and there was ample evidentiary support therefor in the record. Such being the case, the determination must be sustained *(Matter of Burlinson v Zoning Bd. of Appeals of City of Yonkers,* 275 App

Div 723). In conclusion, we would point out that petitioners mistakenly rely upon the case of *Matter of Douglaston Civic Assn. v Galvin* (36 NY2d 1) in arguing that the intervenors-respondents improperly withheld from their initial rejected application available evidence later utilized to justify as something novel their second application. Since it relates to a rehearing of a single application, rather than to two separate applications such as we have here, the *Douglaston* decision is inapplicable to the present situation. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.