Argued April 21, reversed and remanded September 6, 1978

# WES LINN LAND CO. et al, *Appellants,*
## *v.*
# BOARD OF COUNTY COMMISSIONEERS, LINN COUNTY et al, *Respondents.*
### (No. 49072, CA 9291)
583 P2d 1159

George B. Heilig, Corvallis, argued the cause for appellants. With him on the brief was Thomas, Johnson & Heilig, Corvallis.

Jackson L. Frost, District Attorney, Albany, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Petitioners appeal from the circuit court's order dismissing a writ of review and affirming an order of the Board of County Commissioners of Linn County (Board) which denied petitioners' application for preliminary approval of a subdivision plat. The principal issue is the adequacy of the findings which formed the basis of the Board's order.

In June, 1976, petitioners submitted a preliminary plat for subdividing a 43.5-acre parcel into 14 residential lots of not less than 2½ acres each. The parties agree that residential development of the parcel at the proposed density is consistent with the Linn County Comprehensive Plan Map and the county zoning ordinances.

In a series of hearings, the planning commission heard evidence regarding adequacy of surface water drainage and subsurface sewage disposal, among other issues. A report from the Department of Environmental Quality and another from the State Department of Water Resources recommended observation of the winter ground water table in January through March to determine if the property was suitable for subsurface sewage disposal. Then, in accordance with the recommendation of its staff, the planning commission denied petitioners' request for approval of the preliminary plat for the subdivision. On appeal, the Board held a public hearing, received additional evidence, and denied the appeal based upon these findings:

"1. A confirmation of the septic problems probabilities as indicated by the D.E.Q.

"2. The taking of prime agricultural soils.

"3. The continued creation of a 'suburban Corvallis' situation, where none should ever exist, at an escalating cost of maintenance to Linn County.

"4. A lack of immediate necessity to create developments of this type.

"5. With regard to the Comprehensive Plan it's not only a map but also a written set of goals and policies.

[ 41 ]

These goals and policies further support denial because the demand for public facilities and services is directly related to the number of people in an area. Population increases create similar demands for utilities, parks, police and fire protection, street development and garbage collection.

"6. Maintain low densities in rural areas where the necessary services are not available, keeping in mind the particular vulnerability of rural school districts to sudden enrollment increases.

"7. An influx of small urban type residences can occur and change the character of the area creating traffic problems, water shortages and sewage problems."

Petitioners argue that these findings do not provide an adequate basis for the Board's decision; that even if they were adequate, the findings are not supported by substantial evidence in the record; and that petitioners have a vested right to preliminary approval of the subdivision plat because the proposal conforms to the residential density designated for the subject parcel of land by the comprehensive plan map and the zoning ordinance.

■  We agree with petitioners that the Board's findings are inadequate. The Board's action on a subdivision application is quasi-judicial in nature, *Bienz v. City of Dayton,* 29 Or App 761, 766-67, 566 P2d 904, *rev den* (1977), and the scope of our review of the Board's findings is to determine whether they are supported by substantial evidence. ORS 34.040; *Green v. Hayward,* 275 Or 693, 702, 552 P2d 815 (1976). The importance of adequate findings to judicial review has been explained and emphasized elsewhere and need not be repeated here. *See, Sunnyside Neighborhood v. Clackamas Co. Comm.,* 280 Or 3, 19-23, 569 P2d 1063 (1977); *Green v. Hayward,* 275 Or at 706-708; *Commonwealth Properties v. Washington County,* 35 Or App 387, 582 P2d 1384 (1978); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). Here, the findings are so fragmentary and vague that they fail to state a factual basis for the decision. Obviously,

we cannot review for substantial evidence supporting nonspecific findings.

The Board's first finding, which the circuit court relied upon in affirming the Board's decision, states: "A confirmation of the septic problems probabilities as indicated by the D.E.Q." Although there is evidence of potential septic problems in the record, DEQ's report indicates that the question could not be resolved without monitoring the ground water level during the winter months. The Board issued its order in November before the monitoring program could be carried out. In light of the report and the Board's finding of a "confirmation" of septic problems, we are unclear as to the factual basis for this finding or, worse, just what the purported finding finds. This deficiency requires that we remand for clarification of the Board's findings on septic problems.

The remaining findings are problematic for a different reason. A subdivision application which conforms to a zoning ordinance may nevertheless be denied if the application or the zoning ordinance is inconsistent with the comprehensive plan or with statewide goals, or if the application fails to conform to the subdivision ordinance, but the order must express the reasons the use permitted by the zoning ordinance is not allowed. Here, the application for residential development within a residential zone was denied in part, for example, because it was not agricultural, but there was no explicit application of any plan provision or goal which would override the zoning ordinance. Although it is true that findings in support of a denial need not always be as extensive as those supporting an approval, *Marracci v. City of Scappoose,* 26 Or App 131, 135, 552 P2d 552, *rev den* (1976); *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 102, 533 P2d 1395 (1975),[1] they must nevertheless support a reasoned

---

[1]The rule of *Marracci v. City of Scappoose,* 26 Or App 131, 552 P2d 552, *rev den* (1976), and *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 1395 (1975), has been modified by a statutory amendment which was

order. Here, Findings Nos. 2 through 7 are merely cryptic references to general policies rather than explicitly reasoned applications of those policies. We cannot discern from them the reasoning for the denial.

This case must be remanded to the Board for an order consistent with this opinion.

Reversed and remanded.

---

not yet in effect at the time of these proceedings. Oregon Laws 1977, ch 766, § 12, amended ORS 215.416 and added the following two sections:

"(5) Approval or denial of a permit application shall be based on standards and criteria which shall be set forth in the zoning ordinance or other appropriate ordinance or regulation of the county and which shall relate approval or denial of a permit application to the zoning ordinance and comprehensive plan for the area in which the proposed use of land would occur and to the zoning ordinance and comprehensive plan for the county as a whole.

"(6) Approval or denial of a permit shall be based upon and accompanied by a brief statement that explains the criteria and standards considered relevant to the decision, states the facts relied upon in rendering the decision and explains the justification for the decision based on the criteria, standards and facts set forth."