OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioners seek a judgment declaring that a resolution of the Village Board of the Village of Menands, adopted on October 5, 1981, is null and void. They further seek judgment directing the respondent, Thomas A. Gibbs, as Mayor of the village, to cause all alleged existing violations of a certain site plan to be prosecuted. By resolution of the village board, adopted on July 7,1978, respondent, Buchman Construction Corporation’s site plan for an apartment development known as Park Hill Apartments, was approved. Thereafter, Buchman submitted an application to amend the final site plan, and, by resolution dated October 5,1981, the village board approved the proposed amended site plan. This proceeding seeks to determine that the resolution of October 5, 1981 was a nullity.
*1063 Respondents challenge the standing of petitioners to maintain this proceeding. Assuming, without deciding, that petitioners have standing, the proceeding must nevertheless be dismissed on the merits. Initially, the proceeding may not be maintained against Robert R. Gatlin, Joseph D. Frazier and William J. Jones, individually. These persons are trustees of the Village of Menands, and, as such, the village board, rather than the individual members thereof, must be named as the party respondent (People ex rel. Henry v Nostrand, 46 NY 375). “[I]f the board is an entity with capacity to sue and be sued, and it is the action of the board, and not of a member thereof, which is sought to be controlled, the board, and not the members thereof, should be made the respondent.” (24 CarmodyWait 2d, NY Prac, § 145:266.)
Regardless of the issues of standing, or the naming of the individual trustees as party respondents, the October 5, 1981 resolution is not void. Petitioners do not assert that the procedure utilized by the board in the adoption of said resolution was irregular in any manner, or that the ratification of the amended site plan was arbitrary and capricious. Rather, they assert that once the board approved the site plan, its jurisdiction was exhausted. An adoption of this rationale is not supported by case law. Those cases cited by petitioners stand for the proposition that a developer is entitled to rely upon approval of a site plan to the extent that a planning board may not, in the absence of fraud, withdraw its approval once same has been provided. This rationale exists for the protection of the developer. It is not intended to restrict the board’s flexibility in passing upon new applications for amendments to original site plans. Indeed, the case of Matter of 200 West 79th St. Co. v Galvin (71 Misc 2d 190) establishes that a board such as respondent may vacate, rescind or alter its prior decision upon a new application from the developer. This is precisely what has transpired in the instant proceeding, and accordingly, the board’s October 5,1981 resolution approving the amended site plan is proper.
The dismissal of this proceeding should not be interpreted as approval by this court of the actions of the respondent village board. Indeed, while this court may not *1064 agree with, same, it is prohibited from substituting its judgment for that of the planning board, unless there has clearly been an abuse of discretion or an arbitrary and capricious determination (Matter of Currier v Planning Bd. of Town of Huntington, 74 AD2d 872).
For the reasons hereinabove set forth, the petition shall be dismissed, without costs.