481 So.2d 95 (1986)
John GUNN and Peter H. Wendschuh, Petitioners,
v.
BOARD OF COUNTY COMMISSIONERS, DADE COUNTY, Florida and Ciudamar Yacht Club, Inc., Respondents.
No. 85-1873.
District Court of Appeal of Florida, Third District.
January 7, 1986.
McDermott, Will & Emery and James E. McDonald and Andrew Seiden, Miami, for petitioners.
Robert Ginsburg, Co. Atty. and Eileen Ball Mehta, Asst. Co. Atty., Fine, Jacobson, *96 Schwartz, Nash, Block & England, and Stanley B. Price, Miami, for respondents.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
SCHWARTZ, Chief Judge.
This petition for certiorari seeks review of a circuit court affirmance of a special exception granted by the Dade County Commission for the construction of a softball field on premises operated as a private country club by the respondent Ciudamar. The primary contention is that the special exception was barred by the doctrine of administrative res judicata, as it applies to zoning cases such as this. Wayne v. City of Green Cove Springs, 261 So.2d 827 (Fla. 1972); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 651-654 (Fla. 3d DCA 1982), and cases cited. We do not agree.
Although a generally similar request had been denied two years earlier, the new proposal differed from the first in repositioning home plate  at a greater distance from nearby residences  to a point where the outfield had been located, and vice versa. The definitive decision in Coral Reef Nurseries, Inc. v. Babcock Co., supra, 410 So.2d at 651-654, points out both that a prior zoning ruling is not binding when there has been a substantial change of circumstances and that the determination of whether such a change has in fact occurred lies primarily within the discretion of the zoning authority itself. See City of Miami Beach v. Prevatt, 97 So.2d 473, 477 (Fla. 1957) (Res judicata "should be applied in zoning cases with great caution."). Under these rules, we may not interfere with the commission's implicit conclusion that the rearrangement of the field, which arguably reduced the noise and inconvenience to the neighboring homes, was a meaningful alteration of the proposal it had previously rejected. Closely on point is Freeman v. Town of Ithaca Zoning Board of Appeals, 61 A.D.2d 1070, 403 N.Y.S.2d 142 (1978), where the court, reflecting the Florida law expressed in Babcock, held:
Seeking a reversal of the judgment below, petitioners principally argue here that the approved application for a clinic is identical with an earlier application which was disapproved and, consequently, the board was without power to entertain the second application. We cannot agree. It is settled law that there can be a new application and determination by a zoning board when `* * * new plans materially change the aspects of the case * * *' (Matter of Reed v. Board of Standards & Appeals, 255 N.Y. 126, 133, 174 N.E. 301, 303). Moreover, it is for the board to determine whether or not changed facts or circumstances are presented and, in so doing, it may give weight even "to slight differences which are not easily discernible" (Ellsworth Realty Co. v. Kramer, 268 App.Div. 824, 49 N.Y.S.2d 512). In this instance, even petitioners concede that, in the approved application, the placement of the clinic on the lot was altered by rotating the structure 90° and the location of the parking lot was changed. Accordingly, the board's determination approving the intervenors-respondents' proposal as a new application was clearly not arbitrary, and there was ample evidentiary support therefor in the record. Such being the case, the determination must be sustained (Burlinson v. Zoning Bd. of Appeals of City of Yonkers, 275 App.Div. 723, 87 N.Y.S.2d 412).
403 N.Y.S.2d at 143. See generally, Annot., Approval of Zoning Change  Prior Denial, 52 A.L.R.3d 494 (1973).
Accordingly, the circuit court did not depart from the essential requirements of the law in its judgment of affirmance and the petition is therefore denied. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
Certiorari denied.