PER CURIAM.
The landowner seeks certiorari review of the affirmance of a Dade County Commission resolution denying its application for change of zoning. The record shows both that (a) the commission could properly have found, in its discretion, that there were no significant differences as to the vital issues of density, traffic, and the like, between the instant application and one which had been previously rejected so that the requested relief was barred by the doctrine of administrative res judicata; Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 651-55 (Fla. 3d DCA 1982); Gunn v. Board of County Commissioners, 481 So.2d 95 (Fla. 3d DCA 1986), and (b) in the light of the showing of the adverse impact of the proposed project upon nearby single family residential areas, see Allapattah Community Association v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980), cert. denied, 386 So.2d 635 (Fla.1980) and cases cited, the apparent violation of *10 the Dade County Comprehensive Development Master Plan it would entail,[1] and the total failure to demonstrate that the property could not be economically employed if the proposal were rejected, see City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3d DCA 1967), cert denied, 201 So.2d 554 (Fla.1967), the merits of the issue were at least[2] “fairly debatable.” Dade County v. Inversiones Rafamar, S.A., 360 So.2d 1130 (Fla. 3d DCA 1978); Moviematic Industries Corp. v. Board of County Commissioners, 349 So.2d 667 (Fla. 3d DCA 1977). Since the courts may not interfere with a zoning decision on either of these bases, let alone both, see Garden State Properties, Inc. v. Dade County, 410 So.2d 655 (Fla. 3d DCA 1982), the circuit court’s affirmance of the commission’s action was in full compliance with the essential requirements of the law.
Certiorari denied.

. In the present posture of the case, it is unnecessary to decide the substantial questions of whether such a violation in fact existed, see § 163.3194, Fla.Stat. (1983); Citizens Growth Management Coalition of West Palm Beach, Inc. v. City of West Palm Beach, 450 So.2d 204 (Fla.1984), and, if it did, of whether the adoption of the proposal would be precluded as a matter of law. See § 163.3161(5), Fla.Stat. (1983); Marracci v. City of Scappoose, 26 Or.App. 131, 552 P.2d 552 (1976); Maryland-National Capital Park and Planning Commission v. Mayor and Council of Rockville, 272 Md. 550, 325 A.2d 748 (1974).

. Id.