■ In the Matter of WALTER X. STANTON, JR., et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [634 NYS2d 763] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead dated September 29, 1993, which granted the additional respondent Robert M. Adams a variance, the petitioners appeal from an order and judgment

(one paper) of the Supreme Court, Nassau County (Lockman, J.), entered April 5, 1994, which, *inter alia,* upon granting the respondents' motions to dismiss the proceeding, dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the respondents' motions are denied, the petition is reinstated, the respondents are directed to answer the petition within 10 days of service upon them of a copy of this order, with notice of entry, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On April 14, 1993, the Department of Building, Safety Inspection & Enforcement (hereinafter the Building Department) of the Town of North Hempstead denied Robert M. Adams' request for a building permit to erect a fence. On July 13, 1993, Adams appealed to the respondent Board of Zoning and Appeals of the Town of North Hempstead (hereinafter the Board) and sought a variance. His application was filed 29 days after the 60-day period for filing appeals allowed by Town Law § 267-a (5). A hearing was held on September 15, 1993, at which, the petitioners assert they brought the untimely nature of Adams' appeal to the Board's attention. The Board, however, approved Adams' application for a variance, upon certain conditions. The petitioners thereupon commenced this proceeding challenging the Board's determination.

On November 17, 1993, less than one month after this proceeding was commenced, the Board met and voted to rescind the variance granted in September, because it had come to their attention that Adams' appeal was filed after the 60-day time limit. The rescission was "without prejudice", however, so that Adams could reapply for a variance, because the Town's Building Department had apparently advised him that he had 90 days to appeal.

On the basis of the Board's November 17, 1993, rescission of the variance, Adams and the Town moved to dismiss the petition as moot. Although the respondents had not submitted answers and the minutes of the September 15, 1993 meeting were not before it, the Supreme Court denied the petition on the merits, holding that the Board was without authority to reconsider the granting of the variance, and that granting the variance was not arbitrary or capricious. The court also concluded that Adams' appeal was timely, in light of the erroneous notice he received from the Town's Building Department. The respondents' motions to dismiss were denied as moot, in view of the court's decision on the merits.

We agree that the Board was without power to *sua sponte* rescind its earlier determination granting the variance *(see,* Town Law § 267-a [4]; *Matter of Riker v Board of Stds. & Appeals,* 225 App Div 570; *Matter of 200 W. 79th St. Co. v Galvin,* 71 Misc 2d 190).

The court erred, however, in dismissing the petition on the merits *(see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100). Because the minutes of the September 15, 1993, meeting were not part of the record, it cannot be determined whether the Board had an adequate rational basis to grant the variance. Specifically, it is unclear whether the petitioners had an adequate opportunity to address the merits of Adams' appeal, aside from its apparent untimeliness, and whether there was a basis for the conclusion that the appeal was timely on an estoppel theory *(see, Advanced Refractory Technologies v Power Auth.,* 81 NY2d 670; *Boeckmann & Assocs. v Board of Educ.,* 207 AD2d 773). On this record, it cannot be said that the Board's determination to grant the variance had a rational basis and was supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.