■ In the Matter of INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HEMPSTEAD, Respondent, and HACI A. TUTUS, Intervenor-Respondent. [699 NYS2d 316] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated January 7, 1998, which granted the intervenor's application for an area variance to permit the construction of a single-family dwelling, the Incorporated Village of Atlantic Beach appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated November 13, 1998, which denied its petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination upon a complete record.

A review of the record on appeal indicates that in reaching its determination, the Zoning Board of Appeals of the Town of Hempstead relied upon minutes of a hearing held on April 17, 1996. Those minutes, however, were not submitted to the Supreme Court with the instant CPLR article 78 proceeding. Accordingly, the Supreme Court was not presented with the complete facts upon which the determination was based (*see, Matter of Stanton v Town of N. Hempstead,* 222 AD2d 511, 513). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.