Submitted on record and briefs April 7, motion to dismiss denied; reversed and remanded in part with instructions; otherwise affirmed June 28, 2000

NEIGHBORS FOR LIVABILITY,
a non-profit Oregon corporation,
Robert Beard, Maura Malone,
Mary Peterson, Patricia A. Maklin,
Mark John Holady, Monica Holady,
Marvin Doty, and Jack Franklin,
*Petitioners,*

*v.*

CITY OF BEAVERTON,
Sorrento Construction/Briar Development Company,
and James M. Anderson,
*Respondents,*

*and*

Floyd A. HARRINGTON,
Janet Ferguson, Bryce E. Adkins, Steven Sanders,
Allison B. Burgett, Jane Athanasakos, Sharon Dunham,
Mark Kaletta, Kevin W. Teller, Marsha Anderson,
Valerie Adams, Margaret Barrett, Wayne L. Bridges,
Carol H. Bridges, Janet Ronacher, Ronald Ronacher,
Allen R. Schroeder, Joella W. Schroeder,
Dale A. Christensen, Ann L. Bush, Ardell L. Bush,
Jose Sandoval, Allen T. Shelby,
Catherine M. Anderson, Peter W. Barrett,
John P. Jacobs, Robert Alvarado, Susan Franich,
Paul Franich, Katherine L. Alvarado,
Tom Gilroy, Joan Gilroy, Gordon Damron,
Lisa Sanders, Deborah K. Damron, Dean Derrah,
Kathy Derrah, Seog H. Lee, Joanne Coonrod,
Patricia E. Hall, Duane W. Hall, Shelley Boyer,
Rebecca Welling, David K. Hiu, Darin D. Honn,
Linda M. Phillips-Honn, M. Kathleen Lorentz,
Wanda Speerstra, Gary Speerstra, Robert D. Johnson,
Hideko Kojima, Peggy Hess, Tod Hess,
Karen Sugiyama, James A. Burgett, Victor Gallegos,
Corine Gallegos, Larry C. Kniess, Glen G. Inselman,
Stephen J. Frybarger, Marilyn Adkins,
Richard L. Krikava, Heather E. Frith, Susan Floeter,
Holly A. Moon, Bill Frith, Steve Moon, David Toyer,
Marie Barzen, Eileen Joy Kravetz, Anne Fahlbusch,

Georgia Randle, Nick Athanasakos,
Lisa Michaels, and Robert D. Bock,
*Intervenors-below.*

(LUBA No. 99-036; CA A108953)

4 P3d 765

Jeffrey L. Kleinman filed the brief for petitioners.

William J. Scheiderich filed the brief for respondent City of Beaverton.

Jack L. Orchard and Ball Janik LLP filed the brief for respondent Sorrento Construction/Briar Development Company.

James M. Anderson filed the brief *pro se*.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioners seek review of LUBA's decision affirming comprehensive plan map amendments by which the City of Beaverton changed the designation of a 10-acre area in the vicinity of Beard Road and Murray Boulevard (Murray site) from residential to commercial and changed the designation of a 10-acre area at the nearby intersection of Beard and 155th Avenue (155th site) from commercial to residential. We affirm in part and reverse in part.

■ Although respondent Sorrento Construction's (Sorrento) application and the city's decision directly sought and granted only the plan amendments, and did not include related zoning changes or specific developmental permits, the ultimate objective of both Sorrento and the city is to develop a supermarket complex at the Murray site. The city council's order recites the intent that the site "be developed in a manner which is consistent with representations made by the applicants' representatives." The order further provides that, unless there is "substantial progress" toward that development, the Murray and the 155th sites shall "automatically revert to their previous * * * Plan Map designations." Finally, the council's order explains, *inter alia*:

> "[T]he applicant shall demonstrate substantial progress * * * within two years from and after the conclusion of any appeal of this Council decision to [LUBA]. For purposes of this section 'substantial progress' shall mean:
>
> > "1.  For the [residential designated 155th site] filing a complete zone change application.
> >
> > "* * * * *
> >
> > "3.  For the [commercial designated Murray site] filing applications for a zone change and design review approval, or a zone change and conditional use permit."

Petitioners appealed unsuccessfully to LUBA, and they now make four assignments of error to us challenging various adverse rulings by LUBA. Petitioners argue in their first assignment that LUBA erred in rejecting their contention that the city acted improperly by refusing to allow petitioners to present testimony about the merits of Sorrento's

planned eventual development of the Murray site, although the city conditioned the present plan amendments on the subsequent presentation of a development proposal for the site by Sorrento. LUBA explained its rejection of the argument as follows:

> "The planning commission's requirement that arguments be directed at the requested plan map amendment criteria rather than a specific proposal simply reflected the fact that approval for a specific proposal was not being considered with the plan map amendments. The fact did not change during the city council's deliberations in this matter. Petitioners provide no reason for us to believe that petitioners will not be given an opportunity to comment on the specific proposal for commercial development of the Beard/ Murray site when zoning map changes and development permits are requested. Petitioners do not explain why the city council's decision to limit testimony concerning the plan map amendments it granted prevented petitioners from addressing the relevant plan map amendment criteria."

We agree with LUBA's analysis and, therefore, we reject petitioners' first assignment of error.

■ In their second assignment, petitioners contend that the city and, in turn, LUBA erred in that the city has no current zoning classification applicable to the Murray site that would allow for its development in accordance with the commercial plan designation that the city adopted in the challenged decision. Petitioners rely, *inter alia*, on the language in Goal 2:

> "The [comprehensive] plans shall be the basis for specific implementation measures. These measures shall be consistent with and adequate to carry out the plans."

*See also* ORS 197.175(2).

■ Petitioners understand the quoted and related language in the goal and statutes to mean that zoning and other implementing legislation must exist at the time or be adopted contemporaneously with the comprehensive plan provisions that they are to implement. We said in *Marracci v. City of Scappoose*, 26 Or App 131, 134, 552 P2d 552, *rev den* (1976), in rejecting a similar argument:

"[A] comprehensive plan only establishes a long-range maximum limit on the possible intensity of land use; a plan does not simultaneously establish an immediate minimum limit on the possible intensity of land use. The present use of land may, by zoning ordinance, continue to be more limited than the future use contemplated by the comprehensive plan."

There is no requirement, in Goal 2 or elsewhere, that "implementation" and "planning" must be simultaneous.

For reasons of analytical clarity, we address petitioners' fourth assignment of error before their third. In their fourth assignment, petitioners rely on the provision of the city's land use regulations that requires an applicant for a plan amendment to establish:

"Demonstrated public need to be satisfied by the amendment as compared with other available properties."

Petitioners contend that the city failed to make the requisite comparisons of the sites with "other available properties." We disagree. The city council's finding 4 sets forth an extensive discussion that includes any necessary comparative analysis. We reject petitioners' fourth assignment of error.[1]

■ In their remaining assignment, petitioners challenge the provision in the city's decision that, unless there is "substantial progress" toward rezoning and development within a two-year period, the two sites will "automatically revert" to their previous plan designations. We agree with petitioners that the provision is unlawful. As petitioners maintain, the putative "reversion" of the sites to their former designations would be—in substance if not in name—a comprehensive plan amendment. Accordingly, it must comply with the procedural and substantive requirements of state and local law for the promulgation of plan amendments. *See, e.g.,* ORS 197.610 *et seq.*

Our discussion of the fourth assignment demonstrates that our disposition of the third is not an empty formality. Among the grounds for the city's "alternative sites" finding was a "comparative analysis of the Murray/Beard

---

[1] LUBA decided the corresponding assignment of error to it on different grounds. We do not address LUBA's reasoning or its conclusions in that regard.

and the 155th/Beard sites regarding the ability of those sites to develop commercially, serving local residential areas." The finding continues that, unlike the 155th site, the "Murray/ Beard site meets all the analysis criteria * * * for the success of a commercial retail center that will be appropriate to meet the needs of the area." Having affirmatively found that the Murray site is preferable to the 155th site for commercial uses, it would be anomalous to allow the city to provide that the designations of the two sites can simply be switched back in the opposite direction two years from now, without further comparative analysis.[2]

■      We note, as did LUBA, that "[p]etitioners do not argue that leaving the subject sites undevelopable for up to two years violates Goal 2, ORS 197.175(2) and other state-wide planning goal or statutory requirements. We therefore do not consider that question." More generally, we note that neither LUBA nor this court reviews land use decisions *per se*. We review the arguments that the parties make about land use decisions.

A final matter that calls for resolution is Sorrento's motion to dismiss the petition for judicial review on the basis of a putative inadequacy of service. The motion is denied.

Motion to dismiss denied; reversed and remanded with instructions to remand to the city on the basis of the third assignment of error; otherwise affirmed.

---

[2] Whether the amendments to the comprehensive plan should remain in force, without the invalid reversion condition, is a matter for the city to consider on remand.