Argued November 17, affirmed December 22, 1975

LINK, *Respondent, v.* CITY OF COOS BAY
(No. 34642), (CA 4623), *Appellant.*

543 P2d 1082

*Roger W. Gould,* Coos Bay, argued the cause for appellant. With him on the brief were Bedingfield and Joelson, Coos Bay.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

Plaintiff, a grocery store owner, unsuccessfully opposed a purported amendment to the Coos Bay zoning ordinance made by the City of Coos Bay Planning Commission. Before the change, a grocery store was neither a permitted nor conditional use in the area in question. The planning commission action purportedly amended the zoning ordinance to classify a grocery store as a conditional use. The commission then granted the application for a conditional use permit made by defendant Southland Corporation, owner of a chain of grocery stores.

Plaintiff appealed to the Coos Bay City Council. That body, without reviewing the proceedings before the commission, adopted a motion "that the Planning Commission had the power to take the action that they did in this case." No other action was taken. Plaintiff next initiated a writ of review proceeding pur-

suant to ORS 227.180(4) and 34.020 in which the circuit court annulled the actions of the commission and the council. Defendant City of Coos Bay appeals.

■ Our review is limited to a consideration of (1) whether the proper procedures were followed, (2) whether the appropriate factors were considered, and (3) whether there was relevant, substantial and probative evidence to support the decision of the agency. *S. Cen Assn. of Neighbors v. Lindsey,* 21 Or App 378, 535 P2d 1381 (1975); *Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 1395 (1975). Since we conclude that the local zoning ordinance was not amended in accordance with required procedure, we uphold the decision of the circuit court.

■■ The power to regulate, restrict and segregate different classes of businesses in a city by ordinance is reserved to the city council. ORS 227.220① and 227.-230.② The role of the city planning commission is, *inter alia,* to *recommend to the council* appropriate regulations and restrictions to be enforced within dif-

---

①

"For the public interest, health, comfort, convenience, preservation of the public peace, safety, morals, order and the public welfare, the council may by ordinance create or divide the city into districts within some of which it shall be lawful and within others of which it shall be unlawful to erect, construct, alter or maintain certain buildings, or to carry on certain trades or callings or within which the height and bulk of future buildings shall be limited." ORS 227.220.

②

"The council may by ordinance regulate, restrict and segregate the location of industries, the several classes of business, trades or callings, the location of apartment or tenement houses, clubhouses, group residences, two family dwellings, single family dwellings and the several classes of public and semipublic buildings, and the location of buildings or property for specified uses, and may divide the city into districts of such number, shape and area as the council may deem best suited to carry out the purposes of ORS 227.220 to 227.280, subject to the provisions of ORS 227.250 and 227.-260." ORS 227.230(1).

ferent districts. ORS 227.250③ and 227.130.④ Here, the council did not pass an ordinance implementing suggestions made by the commission but rather delegated to the planning commission the legislative function of the council. The 1966 opinion of the Attorney General advising the commissioners of Coos County was correct and equally applicable to the city of Coos Bay. The Attorney General's opinion stated:

" 'An important function of the planning commission is to consider and make recommendations concerning the advisability of enacting and amending zoning ordinances. Under the provisions of most enabling statutes, the planning commission is, as far as zoning is concerned, merely a recommending body; final decision rests with the elective legislative body of the city government. * * *'

"* * * * *

" '* * * Statutory provisions requiring the submission of proposed zoning amendments to plan-

---

③

"In muncipalities having a city planning commission the council shall require such commission to recommend the boundaries of districts referred to in subsection (1) of ORS 227.230 and appropriate regulations and restrictions to be enforced therein. The commission shall make a tentative report and hold public hearings thereon at such times and places as the council requires before submitting its final report. The council shall not determine the boundaries of any district or impose any regulations until after the final report of the city planning commission is filed with the city clerk." ORS 227.250.

④

"Copies of all ordinances for establishment of boundaries of any zone or district provided by ORS 227.090, and all ordinances regulating or limiting the use, height, area, bulk and construction of buildings to be submitted to the council, before they are presented to the council, shall be first submitted by the auditor or city clerk to the commission for recommendation. The auditor or city clerk shall immediately so notify the council, and the commission shall make its recommendation thereon in writing to the council. * * *" ORS 227.130.

ning commissions for review and recommendations have been held to properly relegate the planning commission to an advisory capacity.' " 32 Op Att'y Gen 330, 331 (1966) (quoting from 2 Yokley, Zoning Law and Practice, § 11-3, pp 6-7).

Here the commission and council did not follow the statutory procedure.

Affirmed.