Argued March 15, 1975, affirmed June 14, 1976

POHRMAN, *Appellant,*
*v.*
KLAMATH COUNTY COMMISSIONERS,
*Respondents.*
(No. 73-280E, CA 3997)
550 P2d 1236

*James W. Lock,* Gresham, argued the cause and filed the brief for appellant.

*Robert D. Boivin,* Klamath Falls, argued the cause for respondents. With him on the brief were Boivin & Boivin, Klamath Falls.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

This is a landowner's appeal from a zoning decision of the Klamath County Board of Commissioners (Board). Plaintiff owns an interest in about 3400 acres purchased in 1970. At that time, there was neither a comprehensive plan nor a zoning ordinance applicable to the property. Both a comprehensive plan and zoning ordinance were adopted in 1972. Both designated plaintiff's land as AF (agricultural-forestry). Plaintiff intended to develop the property as a "recreational subdivision" with 20-acre lots. Such a use is not permitted in the AF zone.

Plaintiff, and others acting on his behalf, protested the comprehensive plan and zoning ordinance designations to various county officials. These pleas were well received by the Planning Commission which, in February 1973, changed the comprehensive plan to designate plaintiff's property recreational-residential.[1] About this same time, action was initiated in part by the Planning Commission and in part by plaintiff seeking a zone change from AF to SP-1 (rural residential) which would allow plaintiff's contemplated subdivision. After a public hearing, the Board, on May 24, 1973, denied the requested zone change,[2] primarily, on the ground that plaintiff's property was inaccessible.

---

[1] Prior to October 5, 1973, the authority to make and change comprehensive plans rested with the Planning Commission. ORS 215.050 (1971) provided that:

"The commission shall adopt and may from time to time revise a comprehensive plan for the use of some or all of the land in the county. The plan may be adopted and revised part by part."

[2] On May 24, 1973 the Board had the authority to enact zoning ordinances. ORS 215.110 (1971) provided, *inter alia,* that:

"(1) The commission may recommend to the governing body ordinances intended to carry out part or all of the comprehensive plan adopted by the commission. The ordinances may provide, among other things, for:

"(a) Zoning,

"* * * * *

"(3) The governing body may enact, amend or repeal ordinances recommended by authority of this section, together with whatever amendments it believes the public interest requires. The governing

On June 21, 1973 plaintiff filed a "Complaint and Notice of Appeal" with the circuit court.

In attacking the Board's decision, plaintiff argues that he had a vested right to a zone change for three reasons: (I) under a unique provision of the Klamath County Zoning Ordinance, (II) the supremacy of the comprehensive plan, and (III) "mistake" in the zoning of his property.

I

Section 11.007 of the Klamath County Zoning Ordinance provides:

> "* * * In the event that the Zoning Ordinance maps should unintentionally and erroneously not carry the proper zoning designation for *uses lawfully existing* prior to the enactment of this Ordinance, the Planning Commission shall * * * [recommend] to the Board changing such incorrectly-zoned property. * * *" (Emphasis supplied.)

Assuming that § 11.007 makes zone changes to conform with existing uses mandatory, the question arises whether the existing use of plaintiff's property in 1972 was as a "recreational subdivision."

To constitute an existing use, "the acts of the landowner should rise beyond mere contemplated use or preparation, such as leveling of land, boring test holes,

---

body may also enact, amend or repeal with reference to any subject mentioned in subsection (1) of this section, an ordinance on which the governing body initiates action, provided that it first requests from the commission a report and recommendation regarding the ordinance and allows a reasonable time for submission of the report and recommendation. The governing body may also enact, amend or repeal with reference to any subject mentioned in subsection (2) of this section, an ordinance on which the governing body initiates action, regardless of whether the county has a planning commission; provided that, in the event the county has a planning commission, the governing body first requests from the commission a report and recommendation regarding the ordinance and allows a reasonable time for submission of the report and recommendation.

"* * * * *."

The Board retains such power today; *see* ORS 215.050.

or preliminary negotiations with contractors and architects." *Clackamas Co. v. Holmes,* 265 Or 193, 199, 508 P2d 190 (1973).

Between 1970, when the property was acquired, and the effective date of the zoning ordinance in 1972, plaintiff had the property surveyed and had septic tank test holes dug. These activities cost about $14,000. No lots were sold; no homes were constructed. Under the above standard, there was evidence for the Board to find that plaintiff's acts were preparatory, i.e., not enough to amount to an existing use within the meaning of § 11.007 of the zoning ordinance.

## II

■■ Plaintiff cites *Baker v. City of Milwaukie,* 271 Or 500, 533 P2d 772 (1975), for the proposition that county zoning ordinances must at all times comply with the county comprehensive plan. Since, as noted above, plaintiff successfully convinced the Planning Commission to amend the comprehensive plan in his favor, it follows, plaintiff argues, that the Board of Commissioners was obligated to grant him a conforming zone change.

We conclude, however, that *Baker* is (A) inapplicable and (B) distinguishable.

### A

In *Baker,* a city zoning case, the city governing body had adopted a comprehensive plan and a zoning ordinance. The Supreme Court held that in such situations the plan generally prevails over the ordinance. By contrast, when this county zoning case arose, the statutes provided that a county comprehensive plan was adopted by the planning commission, while county zoning ordinances were adopted by the governing body. The Oregon Supreme Court could not have intended the general *Baker* rule to be applicable to this pre-1973 county land-use planning scheme; otherwise, the legislative and quasi-judicial decisions of a higher authority (the Board) would be subservient to the

judgments of an inferior body (the planning commission).

## B

Alternatively, *Baker* is distinguishable. In that case, the zoning ordinance allowed a more intensive use of land than did the comprehensive plan. The Supreme Court held it was improper to permit new development that was lawful under the ordinance, but more intensive than allowed by the plan. In so holding, the court noted:

> "* * * [W]here the plan adopts general parameters of long term growth with a provision that the density of use * * * shall not exceed a certain amount, a more restrictive zoning ordinance may be in accord with the plan. However, between the time of enactment of the comprehensive plan and the implementing zoning ordinance, no land use may occur *which would exceed* the limits set by the plan." (Emphasis supplied.) 271 Or at 510, n. 10.

We understand this to mean that there is no obligation imposed upon local governments to immediately make more restrictive zoning ordinances consistent with less restrictive comprehensive plans.

That is the present situation. After being amended by the Planning Commission, the comprehensive plan allowed a more intensive use (recreational-residential) than did the zoning ordinance (agricultural-forestry). In these circumstances, *Baker* does not compel an *immediate* change in the zoning ordinance to conform with the comprehensive plan.

## III

Plaintiff contends that he had a right to have his property zoned in accord with what he claims was its existing use because the zone assigned to his property was a "mistake."

Plaintiff claims: (1) the "mistake" was that the zoning ordinance, when adopted, conflicted with his existing use; and (2) he is entitled to a correction of the "mistake" and to a change of zone to conform to his

existing use, as a matter of law. Plaintiff is wrong on both counts, even assuming, arguendo, that the existing use of his property is a subdivision. (1) There was no evidence that the Board intended to zone plaintiff's property in conformance with the existing use. (2) Zoning is not merely a catalog of existing uses; it is a legislative judgment based on numerous standards about what future uses of property will, or will not, be in the public interest. It is not a "mistake" to zone property for a use different from an existing use. There is no such thing as a "right" to have a zone conform with an existing use.

Affirmed.