# GREB et al, *Appellants,*
*v.*
# BOARD OF COMMISSIONERS FOR THE COUNTY OF KLAMATH et al, *Respondents.*
## (No. 75-119E, CA 7860)

573 P2d 733

Steven Couch, Klamath Falls, argued the cause for appellants. With him on the briefs were Thomas, Beesley & Couch and Robert Thomas, Klamath Falls.

Robert D. Boivin, Klamath Falls, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

In this writ of review proceeding, plaintiffs appeal from an order of the circuit court affirming the denial by the Board of Commissioners for Klamath County of plaintiffs' request for zone and minimum lot size changes on 660 acres of plaintiffs' property near Bly, Oregon. The circuit court also reversed an order of the Board denying plaintiffs' application for an amendment to the comprehensive plan map.

The amended application for the zone changes requested that 380 acres of land be changed from a designation of Forestry to Residential Agriculture with a minimum lot size of 10 acres, and that the minimum lot size for an additional 280 acres designated Residential Agriculture be changed from 20 acres to 5 acres. Plaintiffs proposed to develop the two adjacent areas with 5, 10 and 20 acre year-round homesites. The requested plan map change would have changed the map designation of plaintiffs' 380 acre parcel from Forestry to Residential Agriculture, consistent with the requested zone change.

After hearing the testimony during the first stage of the application process, the Klamath County Planning Commission recommended to the Board that the requested changes be approved. The Board then held two hearings on the applications and, at the conclusion of the second hearing, orally approved the comprehensive plan map amendment, but delayed decision on the zone changes until the record could be reviewed. Two weeks later the Board issued its findings of fact and conclusions of law denying the plaintiffs' application. The Board also rescinded its prior oral order and denied the comprehensive plan map change.[1]

---

[1]The Board has not cross-appealed the decision of the circuit court which invalidated the Board's written order denying the plan map change and, by implication, reinstated the oral order of the Board approving the change. Thus we do not reach the issue of whether the Board could validly approve a plan map change with an oral order, or later rescind that order without another public hearing.

Plaintiffs contend in their first assignment of error that the Board acted arbitrarily and capriciously in rejecting the recommendation of the Planning Commission. The plaintiffs' argument is twofold in supporting this assignment of error: first, plaintiffs contend that the Planning Commission is vested with the authority to make zone and plan changes; and second, that the Board's decision is not supported by reliable, probative and substantial evidence. The question of whether the Board's decision is supported by substantial evidence is also presented by plaintiffs' second, third and fourth assignments of error.

Under state law and the applicable zoning ordinance of Klamath County, the Board is vested with the authority to amend the plan and make zone changes. ORS 215.050; Klamath County Zoning Ordinance No. 17, Art 112, § 112.002. The Planning Commission is only authorized to hold hearings and make recommendations to the Board. ORS 215.110. Plaintiffs claim that Klamath County Zoning Ordinance No. 22 required the Board to approve the recommendations of the Planning Commission. The applicable portion of the ordinance reads as follows:

> "In the event the Board does not order a new hearing, they shall review the record of the hearing before the Planning Commission and shall render a decision. The decision by the Board shall sustain the action of the Planning Commission if there was substantial evidence for the action taken by the Planning Commission."

■■ Plaintiffs' contention cannot be sustained. Each county governing body is required to retain responsibility for land use planning within its county, ORS ch 215, and is therefore vested with the authority to make county land use decisions. *See, Link v. City of Coos Bay,* 23 Or App 648, 543 P2d 1082 (1975). The Board is not bound by the commission's recommendations even if supported by substantial evidence. *Pohrman v. Klamath County Comm.,* 25 Or App 613, 550 P2d 1236 (1976).

[ 42 ]

■ When reviewing the record to determine whether there is substantial evidence to support the decision, we do not substitute our judgment for that of the Board or determine which side has presented the greater weight of evidence. *Braidwood v. City of Portland,* 24 Or App 477, 480, 546 P2d 777, *rev den* (1976). Plaintiffs' contention that the Board incorrectly weighed the evidence is not a matter for this court to determine.

■ The Board found that the plaintiffs had failed to establish that the proposed zone and minimum lot size changes met the requirements of *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), that: (1) the changes conform to the comprehensive plan; (2) there is a public need for the changes; and (3) the public need is best met by the proposed changes on the proposed piece of property. *Fasano* at 586.

We conclude that the record supports the Board's decision (1) that the plaintiffs failed to establish a public need for the changes, and (2) even assuming a public need, that the need was best met by the zone changes on this property.

First, there was some evidence of public need for property of the size plaintiffs proposed to develop, but the evidence indicated that the property was desired for recreational or investment purposes as opposed to residential use. There was testimony that development of land outside of Bly, before Bly developed, would jeopardize the community's future funding ability. Second, there was evidence that other nearby areas were available for speculative investment and recreational development, and that there was other residential property available, albeit in smaller acreages.

■ Plaintiffs' contention that the more restrictive zoning must be changed to conform to the less restrictive comprehensive plan cannot be sustained. As we stated

in *Marracci v. City of Scappoose,* 26 Or App 131, 134, 552 P2d 552, *rev den* (1976):

"* * * [A] comprehensive plan only establishes a long-range maximum limit on the possible intensity of land use; a plan does not simultaneously establish an immediate minimum limit on the possible intensity of land use. The present use of land may, by zoning ordinance, continue to be more limited than the future use contemplated by the comprehensive plan. *See, Pohrman v. Klamath County Comm.,* 25 Or App 613, 550 P2d 1236 (1976)."

■ Plaintiffs have also contended that the Board based its decision upon evidence outside the record and failed to follow proper procedures in conducting its review. There is no evidence to support these claims. Plaintiffs' claim that letters from the Oregon State Department of Forestry and the Oregon Wildlife Commission were not properly within the record is without substance. These letters were introduced without objection from the plaintiffs at the second hearing before the Board. Plaintiffs have pointed to nothing in the record to indicate that the Board failed to follow proper procedures in considering the zone change requests.

Affirmed.