Argued October 20, 1978, reversed and remanded March 5, 1979

# HEILMAN, et al, *Appellants.*
## *v.*
# CITY OF ROSEBURG, et al, *Respondents.*
## (No. 77-0781, CA 10167)

591 P2d 390

Donald A. Dole, Roseburg, argued the cause for appellants. With him on the brief was Long, Neuner, Dole, Caley & Kolberg, Roseburg.

Paul E. Geddes, Roseburg, argued the cause for respondents. With him on the brief was Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Petitioners in this writ of review proceeding appeal from an order of the circuit court affirming the city council's denial of petitioners' application for a zone change. Petitioners contend that the city council failed to follow proper procedures and that its findings are inadequate and not supported by substantial evidence. ORS 34.040. We reverse and remand.

Petitioners applied for a zone change for approximately three acres in the city of Roseburg. At the same time, they also applied for annexation and rezoning of an adjacent parcel, but the denial of that application is not challenged on judicial review. Following a hearing, the planning commission recommended approval of both applications. On February 14, 1977, the council held a hearing on both matters and heard additional testimony from petitioners and opponents. It voted to deny the applications and directed the city attorney to prepare findings. Proposed findings were submitted to and approved by the council on February 28, 1977.

Petitioners' first contentions concern the procedures at the council hearing. Petitioners argue that the council should have afforded a presumption of some sort to the commission's findings and recommendations[1] and that it was improper for the council to hear additional testimony, especially from persons who were not parties to the hearing before the commission. There is no authority for the proposition that the council must defer to the commission's recommendation to approve a zone change. The applicable ordinance provides that the commission shall make recommendations to the council,[2] but it neither expressly nor impliedly directs that any legal weight be accorded to

---

[1] We understand this contention to mean that the council should defer to the commission's fact-finding and expertise in a manner analogous to the scope of this court's review of a decision by an agency pursuant to ORS ch 183. Petitioners have suggested no lesser standard of weight-giving to decisions of agencies on review and we are aware of none.

[2] City of Roseburg Ordinance No. 1737, § 10.040.

[73]

them. The council has the responsibility to make the zoning decision based upon its own valid findings. It is not bound by the commission's findings even if they are supported by substantial evidence. *Greb v. Klamath County Comm'rs*, 32 Or App 39, 42, 573 P2d 733 (1978); *Link v. City of Coos Bay*, 23 Or App 648, 650-61, 543 P2d 1082 (1975).

■ The council's receipt of additional testimony was lawful. Petitioners concede that the council was obliged to hold a public hearing on the proposed annexation, ORS 222.120, but argue that it was error to comingle testimony regarding both applications. The applicable ordinance provides that the council is to review zone change applications based on the record of the hearing before the commission "[w]ithout further hearing, unless the council should elect otherwise, but with the right of oral argument by any party."[3] The ordinance thus allows the council to receive additional evidence if it so chooses. Petitioners contend that the council's choice must be by a formal majority vote. Here, the council's election to do so is implicit in its receipt of further testimony. Nothing in the ordinance or the state or federal constitutions requires a formal council vote specifically on that procedural decision.

Petitioners' next contention is that the council's decision was not based on findings of fact because the order preceded the findings. The state of the record is peculiar: there is no formal order of denial; there was a vote to deny and, two weeks later, findings were formally adopted. The findings were not incorporated into an order. Petitioners treat the vote to deny as the order of denial and the minutes as an adequate formal commemoration of that denial. Petitioners argue that the findings flowed from the decision rather than the decision flowing from the facts. Respondents contend that the vote was merely a preliminary and tentative device for determining the inclination of the council so that final and formal work could proceed. Such a vote

---

[3] City of Roseburg Ordinance No. 1737, § 10.040.

would have been entirely proper, but if the vote was only tentative, then there is no final order of denial in this case. The memorialized vote must be regarded as the order because, for one thing, it is the only action taken by the council on petitioners' application and the process of review is based on that action. Whether findings would ever be issued is immaterial to an aggrieved person who is counting the days left to file a petition for review. The issue, then, is the sufficiency on review of an order issued without preliminary or contemporaneous findings.

■ This was a quasi-judicial proceeding in which petitioners are entitled to findings, *Fasano v. Washington County*, 264 Or 574, 507 P2d 23 (1973),[4] and the very heart of adjudication is that the determination of facts must be preliminary. Only after the facts are known, the adjudicator draws those conclusions which are suggested by those facts and issues an appropriate order. Here there is no order made contemporaneously with or after the fact-finding and the findings themselves do not in any express or implied way suggest a deliberate ratification of an earlier tentative decision.[5] Therefore, if the error prejudiced the substantial rights of petitioners, ORS 34.040, the order to dismiss the writ of review must be reversed and the respondent's order of denial must be vacated.

■ The trial court found, and we agree, that the evidence regarding the rezoning application was conflicting and that there was substantial evidence to

---

[4]

"* * * Parties at the hearing before the county governing body are entitled to an opportunity to be heard, to an opportunity to present and rebut evidence, to a tribunal which is impartial in the matter * * * and to a record made and adequate findings executed." (Citation omitted.) *Fasano v. Washington Co. Comm.*, 264 Or at 588.

[5] There is an arguable analogy to judicial proceedings where a judge decides and then requests that findings be prepared. The order in such a case, however, is only tentative. The findings of a judge normally conclude with a formal order. It is the final order, not the earlier oral order, which has legal effect. *State v. Swain/Goldsmith*, 267 Or 527, 517 P2d 684 (1974).

support either a denial or approval of the application. We cannot say on review that the council's adoption of findings at the second meeting constituted a ratification of its previous decision, because the council held no discussion of the application and issued no order at the subsequent meeting. Where there are substantial conflicts in the evidence before the council, it is essential for the council to find facts before reaching its conclusion. We realize that a victory on this ground may be Pyrrhic in view of the remand. We further recognize that past orders which were not timely challenged on review are unaffected. We realize further that the problem is unlikely to recur in light of ORS 227.173(2), which now requires that the order be "based upon and accompanied by" findings. Nevertheless, under *Fasano*, these petitioners were entitled to the form and substance of fair adjudication.

Because petitioners' other contentions raise issues which may recur on remand, we consider the other assignments of error. Petitioners also contend that the council's findings[6] are inadequate because they ad-

---

[6] The council's findings state:

"Based upon evidence and testimony presented to the Planning Commission and upon review of the matter by the Common Council of the City of Roseburg, it now finds the following facts:

"(1) Applicants [have applied for rezoning of two parcels and also seek annexation of one of the parcels].

"(2) The findings herein are applicable to and apply to both applications.

"(3) The proposed zone changes are in conflict with the community development goal objective No. 2 of the Roseburg Urban Area Comprehensive Plan inasmuch as they would 'create rather than minimize' conflicts between land uses and would not coordinate patterns of development in that area.

"(4) The proposals do not respect the character of the established area in that vicinity.

"(5) The basis upon which findings are made is that the area is immediately adjacent to a newly developed and established R-1 (single-family residential) area in which substantial homes with adequate open spaces now exist. To permit construction of multiple family dwelling units adjacent to the present development would change the character of the established area and would create conflict between uses of the lands."

[76]

dress only one goal of the city's comprehensive plan.[7] This contention is incorrect. It is unnecessary for the findings supporting a denial of a zone change application to address more than one goal of the comprehensive plan if the application is so inconsistent with that goal as to provide a substantial reason requiring denial of the application. Although the findings in this case are terse, they state a basic and significant objection to the proposed rezoning: it would permit development which would be incompatible with the established character of the surrounding neighborhood. Thus, a finding that a zone change is inconsistent with that single goal is sufficient to support a denial.[8]

■■ Petitioners' final contention is that the council's finding of conflict with existing land uses in the area misconstrues the comprehensive plan and is not supported by substantial evidence. The question in construction of the comprehensive plan is whether the objective of minimizing "conflicts between various land uses by coordinating patterns of new development" includes coordinating new development with existing land uses. The council's implicit decision that it does is a reasonable construction of its own comprehensive plan, and we defer to that interpretation. *Cf., Bienz v. City of Dayton*, 29 Or App 761, 776-77, 566 P2d 904 *rev den* (1977). Testimony before the commission and the council by numerous residents of the vicinity supported the council's finding that the proposed development would conflict with the existing

___

[7] Objective No. 2 of the Community Development Goal of the comprehensive plan is to "[m]inimize conflicts between various land uses by coordinating patterns of new development."

[8] Petitioners' reliance on *Green v. Hayward*, 275 Or 693, 552 P2d 815 (1976), and *Sunnyside Neighborhood v. Clackamas Co. Comm.*, 280 Or 1, 569 P2d 1063 (1977), is misplaced. Those cases require that approval of a zone change or comprehensive plan amendment be supported by findings which show compliance with the totality of the planning scheme. That requirement does not apply to denial of zone changes or plan amendments. *Marracci v. City of Scappoose*, 26 Or App at 131, 135, 552 P2d 552, *rev den* (1976).

single-family residential neighborhood that adjoins petitioners' property. It was not error for the council to consider the objections of neighbors who would have to live with the proposed use, *Anderson v. Peden*, 30 Or App 1063, 1072-73, 569 P2d 633 (1977) *aff'd* 284 Or 313, 587 P2d 59 (1978), and their testimony provides substantial evidence to support the council's findings.

Reversed and remanded.