Argued January 19, affirmed April 23, reconsideration
denied by opinion June 18, 40 Or App
643, 596 P2d 576, petition for review denied
September 25, 1979

# GOLF HOLDING COMPANY, *Appellant,*

*v.*

# McEACHRON et al, *Respondents,*

## (No. 77-1704-E-2, CA 11105)

593 P2d 1202

Stuart E. Foster, Medford, argued the cause for appellant. With him on the briefs was Frohnmayer, Deatherage, Foster & Purdy, Medford.

Frank J. Van Dyke, Medford, argued the cause for respondents. With him on the brief was Eugene F. Hart, Jr., City Attorney, Medford.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

◼ Petitioner in this writ of review proceeding challenges the approval of a tentative subdivision plat by the City of Medford.[1] The tentative plat was originally approved by the planning commission without a public hearing. Petitioner, the owner of an adjoining golf course, appealed to the city council, which held a public hearing and affirmed the commission's action. On appeal to this court from the circuit court's affirmance of the city council's decision, petitioner contends that the planning commission was required to hold a public hearing on the subdivision proposal, that the city council's findings are deficient because they do not address applicable land use regulations, and that the findings are not supported by substantial evidence. We affirm.

### 1. Public Hearing

◼ Petitioner's first contention is that *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), and *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904 rev den (1977), require the planning commission to hold an evidentiary hearing on the tentative subdivision plat. *Fasano,* 264 Or at 588, requires that a quasi-judicial land use decision be made only after an evidentiary hearing. *Bienz,* 29 Or App at 766-67, holds that approval of a subdivision is quasi-judicial in nature.[2] The only question is whether the planning commission, as the agency authorized by ordinance to

---

[1] Approval of a tentative subdivision plat is a final order subject to review in a writ of review proceeding under ORS 34.010 to 34.100. *Bienz v. City of Dayton,* 29 Or App 761, 766-770, 566 P2d 904 *rev den* (1977).

[2] Respondents point out that *Bienz* was decided after the city council approved the tentative subdivision plat in this case, and argue that it should not be applied retroactively. The holding in *Bienz* merely restated the established principle that quasi-judicial procedures apply whenever "land-use decisions affect specific individuals and involve application of general rules to individual interests." *Auckland v. Bd. of Comm. Mult. Co.,* 21 Or App 596, 601, 536 P2d 444 *rev den* (1975). *Fasano* and *Auckland* afforded ample notice to local governments that subdivision approval is a quasi-judicial matter requiring a public hearing and findings.

approve the subdivision proposal, must hold the quasi-judicial hearing or whether the *Fasano* requirements are satisfied by the availability of a de novo evidentiary hearing on appeal to the city council, as occurred in this case.[3] We hold that the latter procedure is sufficient.

In *West v. City of Astoria,* 18 Or App 212, 524 P2d 1216 (1974), the planning commission had held a public hearing to consider an application for a conditional use permit, which it approved, and on appeal the city council affirmed the planning commission's action. We held that *Fasano* did not require two full-scale evidentiary hearings and that therefore the city council was not required to hold a de novo evidentiary hearing on appeal. We stated:

> "We know of no authority holding that, in the absence of a statutory requirement, due process requires that a citizen objecting to a particular administrative action be afforded two de novo-type public hearings. Indeed, due process requirements are usually held to be satisfied if a hearing is given either by the agency or by the reviewing court at any time before the governmental action becomes final. *Mallatt v. Luihn et al,* 206 Or 678, 294 P2d 871 (1956). *See also,* 1 Davis, Administrative Law Treatise § 7.10 (1958)."

Here, petitioner presented its contentions to the city council at a full-scale de novo evidentiary hearing. The city council was in no way bound by the planning commission's decision, *see Greb v. Klamath County Comm'rs,* 32 Or App 39, 42, 573 P2d 733 (1978). Petitioner has thus received full opportunity to be heard prior to the final decision as required by *Fasano* and *Bienz.*

---

[3] The city ordinances designate the planning commission as the "approving agency" for subdivisions. Medford Code § 10-504. They also provide that a public hearing on a proposed planned unit development is optional with the planning commission if no zone change or conditional use permit is required. Medford Code § 10-240. The proposed subdivision is a planned unit development, and the planning commission previously held a public hearing on the required conditional use permit.

## 2. Findings

■ Petitioner next challenges the adequacy of the city council's findings. The primary issue at the city council hearing concerned access to a parcel of property owned by a third party, Barnes, which is surrounded by petitioner's golf course and the developer's proposed subdivision. The city council's findings address only that issue. Petitioner contends that the council was required to make findings that the proposed subdivision complies with the city's comprehensive plan and ORS ch 92, which regulates subdivisions.[4] This contention is correct. Subdivision application compliance with both the comprehensive plan and the zoning and subdivision is statutorily required. ORS 227.175(3) specifically provides that

> "[an application for development of land] shall not be approved unless the proposed development of land would be in compliance with the comprehensive plan for the city. * * *"

Similarly, ORS 92.090(2) provides in part:

> "No tentative plan for a proposed subdivision * * * shall be approved unless * * * the tentative plan complies with the applicable zoning ordinances and * * * ordinances [regulating subdivisions]."

■■ The proponent of a zone change in a quasi-judicial proceeding bears the burden of proof that the proposed change complies with the comprehensive plan. *Fasano,* 264 Or at 586. The *Fasano* requirements also apply to approval of a tentative subdivision plan. *Bienz v. City of Dayton,* 29 Or App at 764-67. We also stated in *Bienz,* 29 Or App at 767, that

> "* * * a city cannot approve a tentative plan if the proposed subdivision does not comply with certain requirements concerning lot sizes, streets and roads,

---

[4] Petitioner also contends that the city council was required to make findings that the proposed subdivision complied with the city's zoning and subdivision ordinances. We consider petitioner's specific allegations of noncompliance below. Our discussion here of findings regarding the comprehensive plan and ORS ch 92 includes the contention that a general finding of compliance with city ordinances is required even if no specific violation was alleged at the city council hearing.

[679]

utilities, recreation areas and other improvements, and conform to the comprehensive plan and applicable zone laws. ORS 92.090 * * *"

A reviewing court cannot ascertain whether these requirements have been met unless the decision-maker issues findings which explain the basis of its decision. *Sunnyside Neighborhood v. Clackamas Co. Comm.,* 280 Or 3, 20-21, 569 P2d 1063 (1977). Therefore, it was error for the city council to approve the tentative subdivision plan without finding that the proposed development complied with the applicable land use regulations.[5] However, we conclude that this error, standing alone, does not warrant reversal on the record before us.

■ Petitioner seeks reversal of the city council's decision because the council's findings do not address applicable land use regulations, but petitioner does not assert that any specific portion of the comprehensive plan or statutes is violated by the subdivision approval or should have been addressed by the council. Nor did petitioner point to any such violation or deficiency at the city council hearing.[6] We addressed a similar situation in *Kristensen v. Eugene Planning Com.,* 24 Or App 131, 134, 544 P2d 591 (1976):

"The plaintiffs here make the blunderbuss assertion that [the developer] failed to prove compliance with the comprehensive plan. Plaintiffs cite no provision of the comprehensive plan that will allegedly be

---

[5] The degree of specificity required for these findings will vary with the nature of the proposed development and the issues raised at the quasi-judicial proceeding. At a minimum, the findings should include a statement that the proposed development complies with the comprehensive plan and whatever statutes and ordinances are pertinent, so that it is apparent from the record that the city council recognized its duty to exercise its planning responsibilities in accordance with applicable land use regulations and that it was aware of which regulations were to be considered. Of course, such conclusory findings would be inadequate where, for instance, opponents of the proposed development cite specific portions of the comprehensive plan or ordinances which would be violated by the proposed development.

[6] Petitioner has alleged certain violations of city ordinances, *see* note 4, but we find that the findings adequately address those issues. *See* notes 7 and 8 and accompanying text.

[680]

violated by Briarwood's mobile home park. Plaintiffs do not indicate what evidence [the developer] should have produced that it did not produce. Apparently, plaintiffs expect us to sift through a lengthy comprehensive plan and a voluminous record to determine compliance or noncompliance.

"We decline to do so. In this writ of review proceeding plaintiffs are, in effect, appealing from the adverse determination of the Eugene Planning Commission. As in other appellate situations, it is incumbent upon them to indicate with reasonable specificity what errors they claim the planning commission made. At a minimum, reasonable specificity here should include at least a citation to the parts of the comprehensive plan allegedly violated by the proposed mobile home park. Not having done so, plaintiffs present nothing for our consideration."

Without some colorable claim that the subdivision approval violated a specific, applicable land use regulation, or that the council failed to consider a pertinent policy in the comprehensive plan, we will not reverse the circuit court's affirmance of the city council's decision.

### 3. Substantial Evidence

Petitioner's final contentions concern future access to the Barnes property, which is surrounded by the proposed subdivision and petitioner's golf course. Petitioner fears that if and when the Barnes property is developed, access to it will have to be through petitioner's golf course because the subdivision as approved by the city council includes no provision for access to the Barnes property through the subdivision. At present, there is an undeveloped public road through the golf course to the Barnes property, but petitioner contends that it would have to be widened to comply with the applicable city ordinance regarding access to subdivisions. The city council's findings in their entirety are:

"1. That the use of private streets within this subdivision contributes to security and privacy of residents, in furtherance of the express intentions of

[681]

the subdivider, and providing for eventual access to and from the Barnes property through the subject Subdivision, Unit #1, would detract from the intentions of the subdivider in this regard.

"2. That Caperna Drive, an existing public street serving proposed Unit #1 of the subject subdivision would be overly burdened by adding thereto traffic which would result from the residential development of the Barnes' property should access thereto be provided as requested.

"3. That other alternatives exist for providing ingress and egress for the Barnes' property which would not adversely impact on this development or other existing or proposed developments, and the access requested is not necessary to permit a satisfactory future subdivision of adjoining land, including the Barnes' property."

The essence of petitioner's argument is that findings Nos. 2 and 3 are not supported by substantial evidence. The record of the city council hearing reveals that this contention is incorrect.

■ There was substantial evidence before the city council that there is access to the Barnes property on the 30-foot road through the golf course and that the road could be widened to comply with city ordinances if necessary for future development without causing significant harm to the golf course.[7] Therefore, finding No. 3 is supported.[8] A city council member noted at the hearing that numerous residents from Caperna Drive

---

[7] City ordinances require local streets to have a 60-foot right of way, subject to exceptions when the subdivider shows that narrower streets are justified by certain conditions. Medford Code § 10-568(8).

[8] Section 10-568(3) of the Medford Code provides:

"Future extension. Where necessary to give access to or permit a satisfactory future subdivision of adjoining land, streets shall extend to the boundary of the subdivision; and the resulting dead-end streets may be approved without a turnaround. Reserve strips, including street plugs, may be required to preserve the objectives of street extensions."

Here, the council found that the requested access was not necessary to permit access to the Barnes property; therefore, the ordinance does not require that streets in the subdivision extend to the boundary of the Barnes property.

and an adjoining street had complained about the increased traffic that would result from the subdivision under consideration and stated that he was reluctant to impose additional burdens on those streets that would be caused by venting the Barnes property through the subdivision. The findings as a whole reflect the council's decision that providing access to the Barnes property through the golf course was, on balance, preferable to providing access through the subdivision. This judgment is supported by substantial evidence, and it is not this court's role to substitute its judgment for that of the city council.

Affirmed.