On respondent City of Gold Hill's reconsideration filed March 7, former opinion filed February 18 (44 Or App 603, 606 P2d 681), reconsideration allowed; former opinion modified; affirmed April 14, 1980

## MENGES, et al,
*Appellants,*

*v.*

## BOARD OF COUNTY COMMISSIONERS OF JACKSON COUNTY, et al,
*Respondents.*

(No. 78-3111, CA 14406)

609 P2d 847

William G. Carter, Medford, for petition.

E. R. Bashaw, Medford, and Frank J. VanDyke, Medford, filed a response contra.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

In our former opinion, in dealing with the appellants' fourth argument (relating to the homeowners' evidence of diminished market value of their properties), 44 Or App at 607, 606 P2d at 684 (1980), we relied on appellants' assertions in their brief about what the Hearings Council did and said. Those assertions were not challenged in respondent's brief, and we failed to check the record sufficiently to determine whether they were accurate. The respondent city has now filed a Petition for Review, which we treat as a Petition for Reconsideration, in which a conflicting version of "what actually occurred" is presented.

We have now determined that appellants' assertions and our conclusions based thereon were in error. During the Hearings Council proceeding the appellants had a full opportunity to present whatever evidence and argument they had on the question of the impact of the proposed sewage treatment plant on property values in the area. After the hearing was closed, remarks were made in discussion by one or more members of the council indicating the appellants' evidence was insufficient. There was no ruling at any time that limited appellants' presentation.

We therefore withdraw that part of our opinion which dealt with the fourth argument. Appellants did have an unrestricted opportunity for a plenary hearing. What they did not do was persuade the Hearings Council that their evidence proved a diminution of value. No evidence was rejected or excluded, and appellants made no effort to have the hearing continued so that they could obtain more or better evidence.

Because our former opinion reversed the trial court on the point which has now been reviewed to a different conclusion, it follows that the trial court must be affirmed.

Former opinion modified; affirmed.