Argued and submitted May 14, reversed June 30, 1980

## FEITELSON,
*Appellant,*
*v.*
## THE CITY OF SALEM, et al,
*Respondents.*

(No. 108,891, CA 15390)

613 P2d 489

M. Chapin Milbank, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

William G. Blair, Assistant City Attorney, argued the cause for respondents. With him on the brief was William J. Juza, City Attorney, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This writ of review proceeding challenges a conditional use permit issued by the Common Council of the City of Salem to Robert and Mabel Nicklaus. The plaintiff, who owns property near that of the Nicklaus', appeals from a circuit court judgment upholding the council's action. We reverse.

The facts are relatively simple and are not in dispute. The appellant is the owner of a parcel of land located at the southwest corner of Hope Avenue and Kenard Street in the City of Salem. The Nicklaus' own a parcel of land on the northwest corner of the same intersection. Both parcels of land and the surrounding area are zoned RS (single family residential). Duplexes are permitted in an RS zone only as conditional uses; they are allowed on corner lots of 7,000 square feet or more. SRC (Salem Revised Code) 131.030. The Nicklaus' property contains 9,800 square feet. There is already one duplex in the area. It was built in 1975 and is located on the corner opposite the Nicklaus' property. Since 1975, all new construction in the vicinity has consisted of single family homes.

In 1977, the previous owners of the property in question applied for a conditional use permit. The hearings officer for the City of Salem denied the application on the grounds that there was insufficient evidence of public need, that no evidence was introduced showing an attempt to develop the property as single family residential, and that granting the conditional use would not be in harmony with the purpose and intent of the RS district. A year later the Nicklauses re-applied for a permit. The planning staff recommended that the conditional use be granted. The hearings officer denied the application because he found that there had been no change in circumstances within the last year which would justify a different conclusion; the findings of the 1977 decision were adopted. The Nicklauses sought review of this ruling before the city's Common Council.

[817]

The Common Council granted the permit. Their decision was based on the following conclusions:

"1. This large corner lot with 9,800 square feet across from an already constructed duplex appears well suited for duplex construction;

"2. The development of duplexes in the housing market is an alternative to the ever increasing cost of constructing and maintaining single family dwellings;

"3. The conditional use as described will be in harmony with the purpose and intent of the RS (Single Family Residential) District;

"4. Granting of the conditional use permit is consistent with the goals and policy expressed in the Salem Area Comprehensive Plan."

The circuit court affirmed the council's decision after finding that there was reliable, probative and substantial evidence to support its conclusions.

Our role on review is limited. We examine the record to determine if the council followed the applicable law and if its findings are supported by substantial evidence. ORS 34.040. The applicable law in this case is the local zoning ordinance.

"Under the present legislative scheme, each local government must adopt a comprehensive plan * * * and zoning and other ordinances to implement it. Once the plan and its implementing ordinances have been adopted and have been acknowledged by LCDC to be in compliance with the [statewide planning] goals, * * * land use decisions will be governed by criteria in the plan and related ordinances." *Neuberger v. City of Portland,* 288 Or 155, 170, 603 P2d 771 (1979); *see also Anderson v. Peden,* 284 Or 313, 587 P2d 59 (1978); *Menges v. Bd. of Comm.,* 44 Or App 603, 606 P2d 681 (1980), *aff'd as modified,* 45 Or App 797, 609 P2d 847 (1980).

The Salem Revised Code provides that:

"(a) Proponent of the zoning proposal shall have the burden of proving the justification of his request. The more drastic the request, or the greater the impact of the request in an area, the greater is the burden upon the proponent.

"(b) The requested proposal must be supported by proof that:

"(1) It conforms to the Salem Area Comprehensive Plan or any other officially adopted plan that may be applied to the area in question;

"(2) There is a public need for the proposal;

"(3) The public need will be best served by granting the proposal; (if the proposal is for a zone change, proof must be submitted that the public need will be best served by changing the classification of the particular piece of property in question as compared with other property);

"(4) If other areas have been previously designated for use or development as requested in the proposal, then a showing of the necessity for introducing the proposal into an area not previously contemplated, and why the property owners there should bear the burden, if any, of introducing that proposal into their area.

"(c) The following criteria and factors are deemed relevant and material and shall be considered by the hearings officer in reaching his decision on a proposal:

"(1) Mistake in original comprehensive plan;

"(2) Change of conditions in the character of the neighborhood in which the use or development is proposed;

"(3) All factors relating to the question of the public health, safety and general welfare, including but not limited to the character of the area involved, its peculiar suitability for particular uses, the conservation of property values and the direction of building development." SRC 111.074.

In addition, before granting a conditional use it must be found:

"(a) That the hearings officer has the power to grant the conditional use;

"(b) That such conditional use, as described by the applicant, will be in harmony with the purpose and intent of the district and, with any conditions imposed, satisfies the considerations mentioned in SRC 119.060.

[819]

"(c) That the granting of a conditional use permit will be consistent with the goals and policies expressed in the Salem Area Comprehensive Plan;

"(d) That all conditions imposed are authorized by SRC 119.060 (Ord No. 120-76)." SRC 119.070.

Appellant argues that it was error for the circuit court to affirm the council's action because the council's findings and conclusions are inadequate and unsupported by reliable, probative and substantial evidence. Specifically, appellant contends that there was either a complete lack of, or, at the very least, an insufficient consideration of public need for the duplex or of the factors set forth in SRC 111.074(c), *supra,* and an insufficient showing that the proposed use will be in harmony with the purpose and intent of the district. Respondent City concedes that these factors must be considered but argues that evidence was received and findings were made on the relevant issues raised at the hearing.

An agency must issue findings which explain the basis of its decision. *Sunnyside Neighborhood v. Clackamas Co. Comm.,* 280 Or 3, 21, 569 P2d 1063 (1977).

"The degree of specificity required for these findings will vary with the nature of the proposed development and the issues raised at the quasi-judicial proceedings. At a minimum, the findings should include a statement that the proposed development complies with the comprehensive plan and whatever statutes and ordinances are pertinent, so that it is apparent from the record that the city council recognized its duty to exercise its planning responsibilities in accordance with applicable land use regulations and that it was aware of which regulations were to be considered." *Golf Holding Co. v. McEachron,* 39 Or App 675, 680, n. 5, 593 P2d 1202 (1979), *reconsideration denied,* 40 Or App 643, 596 P2d 576 (1979), *rev den* 287 Or 477 (1979).

In this case, the council failed to make any findings with respect to "public need." Respondents argue, on

the basis of *Kristensen v. Eugene Planning Com.,* 24 Or App 131, 135, 544 P2d 591 (1976), that the designation of the use in question as a conditional use in the city's zoning ordinance is sufficient to establish public need because the use is not a deviation from the zoning ordinance but in compliance with it. We disagree. *Kristensen* was decided on the basis of *Fasano v. Washington County Comm.,* 264 Or 574, 507 P2d 23 (1973), and applied the public need requirement of *Fasano* to applications for conditional uses. That portion of *Fasano* which imposed the requirement of a finding of public need has been substantially modified. *Neuberger v. City of Portland, supra,* 288 Or at 170. However, the city ordinance in *Kristensen,* in contrast to the one before us, did not contain a specific requirement that public need be found before an application for a conditional use be granted. This ordinance requires precisely that. *Neuberger v. City of Portland, supra,* 288 Or at 170, requires local governing bodies to follow the criteria set forth in their own ordinances when making land use decisions. Section 111.074 of the Salem Revised Code requires a finding of public need before any "zoning proposal" is granted. That section applies to all zone changes, conditional use permits, and variances or adjustments. SRC 111.070.[1]

The council found that the Salem Comprehensive Plan encourages a variety of living areas and housing types appropriate to the needs of the community. They concluded that the development of duplexes in the housing market is an alternative to the ever increasing cost of single family homes. There is no finding, however, that there is a public need for increased

[1] SRC 111.070 provides:

"Conduct of all hearings held by the hearings officer pursuant to the Salem Zoning Ordinance as a result of an application or petition having been filed for a reclassification of a zone, conditional use permit, variance or adjustment shall be governed by provisions hereinafter set forth in this chapter.

"Every person entitled to notice of hearing pursuant to the proposed zoning ordiance shall be entitled to be heard in accordance with the rules as herein established."

multi-family housing in Salem or that a duplex is a good alternative to single family homes. Likewise, the council failed to explain why the conditional use will be in harmony with the purpose and intent of the RS district. Its findings fail to even mention this criterion; thus, its conclusion is unsupported in this respect as well.[2]

An agency must state "what it found to be the facts and fully explain why those facts lead to the decision it makes." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975).

We conclude that the Common Council failed to make sufficient findings with respect to the criteria set forth in the city's code. If there is to be any meaningful judicial review, an agency must demonstrate that it has considered the factors prescribed by statute and its own regulations and has not acted in an arbitrary manner or on an ad hoc basis. *Ibid.*

Reversed.[3]

_____

[2] The council made the following findings:

"1. The subject property is a vacant lot located at the northwest corner of the intersection of Hope Avenue and Kenard Street N. W.;

"2. The property contains 9,800 square feet. The minimum lot size requirement for a duplex is 7,000 square feet;

"3. Both Hope Avenue and Kenard Street are improved;

"4. The subject property as well as the surrounding property is zoned RS (Single-Family Residential);

"5. Duplex structures are permitted as a conditional use in an RS (Single-Family Residential District);

"6. Included in the residential policies of the Salem Area Comprehensive Plan is a policy that 'a variety of living areas and housing types should be provided appropriate to the needs of the community.';

"7. A duplex has recently been constructed on a corner lot across the street from the subject property;

"8. A permit was granted in 1975 to build a duplex on the northeast corner of Hope Avenue and Kenard Street, but said permit was never exercised;

"9. Property owners in the affected area object to the construction of duplexes in a single family residential district;"

[3] In view of the disposition we make of this case, we need not consider appellant's other assignments of error.