Argued and submitted July 16, 1980, affirmed April 6,
reconsideration denied May 14,
petition for review denied June 16, 1981 (291 Or 117)

CASCADE BROADCASTING CORPORATION,
*Appellant,*

*v.*

GROENER et al,

*Respondents.*

POTTER et al,

*Intervenors-Respondents.*

(79-1-162, CA 15883)

626 P2d 386

Lawrence R. Derr, Portland, and Rainer Kraus, Washington, D.C., argued the cause for appellant. On the briefs were Lawrence R. Derr and Weiss, Derr & DesCamp, Portland.

Beth Blount, Assistant County Counsel, Oregon City, argued the cause and filed the brief for respondents.

Merrill G. Emerick, Portland, argued the cause for intervenors-respondents. On the brief were Dale M. Hermann, Robert W. Haines and Hermann & Smith, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is a writ of review proceeding in which plaintiff challenges defendants' denial of its application for a conditional-use permit to place a radio transmitter in an RA-1, rural (agricultural) single-family residential, zoning district. The trial court denied plaintiff the relief sought in its petition for review. Plaintiff assigns as errors the trial court's: (1) conclusion, affirming defendants, that radio transmitter towers are not a permissible use in an RA-1 zone, (2) failure to find that the findings and conclusions of defendants are inadequate and lack the support of substantial evidence, and (3) failure to remand the matter to defendants, directing them to approve plaintiff's permit application. We agree with the trial court that defendants properly concluded that radio transmitter towers are not a permissible use in an RA-1 zone under the Clackamas County Zoning Ordinance. Therefore, we affirm. ORS 34.040. Having made this determination, we necessarily reject plaintiff's third assignment of error and need not address plaintiff's second assignment.

The plaintiff presently operates an AM broadcast station licensed to serve the city of Portland during daylight hours only. It has been given a new license by the Federal Communications Commission to serve the city of Lake Oswego on a 24-hour basis. It seeks a conditional-use permit to erect three 191-foot broadcast antenna towers and a single-story transmitter building. The site selected by plaintiff is just south of the Clackamas River in an area where most of the property is used for residential and agricultural purposes. Access to the site is by Brunner Road, a narrow country lane. The towers would be visible from many of the other properties in the neighborhood. A public hearing on plaintiff's application was conducted before a Clackamas County hearings officer, who issued an order denying the request. Plaintiff appealed to the Board of County Commissioners, which, after hearing, adopted the findings and conclusions of the hearings officer and his decision. Plaintiff petitioned the Clackamas County Circuit Court for review of the order of the Board of County Commissioners. The court denied relief.

The Clackamas County Zoning Ordinance, as quoted in plaintiff's brief on appeal, provides, in part:

"4.64 CONDITIONAL USES PERMITTED

"A... Homes for the Aged, Nursing Homes, Private parks, Municipal and Government Buildings, Public Utilities, Cemeteries, Churches, Two-family dwellings, Public Schools, and Private and Parochial Schools offering curricula similar to public schools, Private Schools and Parochial Schools offering curricula dissimilar to Public Schools, Quarries, Dumps, Mobile Homes Mobile Home Planned United Development Subdivisions, Recreational Vehicle and Camping areas and Facilities as provided in Section 8, only when approved by the Hearings Officer.
" * * * * *

"4.69 PROHIBITED USES

"A... Uses of structures and land not specifically permitted in Section 4.6 are prohibited in all RA-1 Districts.
" * * * * *

"8. *CONDITIONAL USES*

"8.9 *SERVICE RECREATIONAL USES*

"A... District Permitted: Any.

"B... Principal Uses Permitted:

"4... Telephone exchanges, railroad rights-of-way, and public utility structure without shops, garages or general administrative offices. *Radio and television transmitter towers,* provided that the base of such towers shall not be closer to the property line than a distance equal to the heights of the tower." (Emphasis supplied.)

■■ As plaintiff's brief points out, there is an apparent conflict between Section 4.6, prohibiting radio transmitter towers as a permitted conditional use, and Section 8.9, permitting radio transmitter towers as a conditional use in any district. The County interpreted its ordinance as not permitting the use as a conditional use in an RA-1 zone. We defer to the County's resolution of that conflict, because the county has the duty of administering the ordinance and is its legislative source, and, therefore, the County is in a

better position than we to determine the legislative intent. *Bienz v. City of Dayton,* 29 Or App 761, 776, 566 P2d 904 (1977); *Heilman v. City of Roseburg,* 39 Or App 71, 77, 591 P2d 390 (1979). If the County's interpretation of its zoning ordinance were "clearly contrary to the express language and intent" of the ordinance, it would be our duty to supplant the County's interpretation with our own. *Fifth Avenue Corp. v. Washington Co.,* 282 Or 591, 599, 581 P2d 50 (1978). We do not find the County's interpretation to be contrary to the language and intent.

Affirmed.